OPINION
{¶ 1} Defendant-appellant, Chan L. Hubbard, appeals his conviction for unlawful sexual conduct with a minor and the denial of a motion for new trial in the Butler County Court of Common Pleas. We affirm the decision of the trial court.
 {¶ 2} A.V. is the 14-year-old friend of appellant's daughter. On January 23, 2005, A.V. spent the night with appellant's daughter. That evening, appellant, appellant's daughter and A.V. watched a movie in the daughter's bedroom. During the movie, the daughter left the room to prepare some food in the kitchen, leaving A.V. and appellant in the room *Page 2 
together. A.V. was putting on lip gloss and commented that it tasted good. Appellant asked if he could taste the lip gloss, so A.V. put some on his lips. Appellant then asked A.V. if he could kiss her, but A.V. declined. Appellant's daughter returned to the room to watch the remainder of the movie. Following the movie, appellant's daughter again left the room. Appellant again asked A.V. if he could kiss her. She consented and he gave her a peck on the lips.
 {¶ 3} That night, all three slept in the same room; A.V. and appellant's daughter in the bed together and appellant on a futon on the floor. A.V. testified that before she fell asleep, appellant told her that he loved her.
 {¶ 4} The following morning, while appellant's daughter was still sleeping, A.V. went into the living room. Appellant was sitting on the couch and they began to talk. A.V. testified that appellant asked if she had ever had sex and asked if she wanted to have sex with him. A.V. initially refused, telling appellant that she was menstruating. However, appellant told her it would not matter, so A.V. agreed. According to A.V., appellant placed a towel on the floor and they had consensual intercourse.
 {¶ 5} A.V. testified that she talked to appellant that evening on the phone after returning home. A.V. stated that she told appellant that she felt bad about what happened because she was best friends with his daughter. According to A.V., appellant responded that he loved her, believed she was mature enough to handle it, and that he would not do anything to hurt her. A few days later, appellant was incarcerated for an unrelated offense and appellant spoke with A.V. in a phone conversation from the jail, which was recorded. During the conversation, appellant again stated that he loved her.
 {¶ 6} Around September 17, 2005, A.V.'s parents discovered her diary. In the diary, A.V. had written that she spent the night with appellant's daughter and that someone she loved had gone to jail. A.V.'s father confronted her about the entries, asking if she had *Page 3 
messed around with appellant when she spent the night. She initially denied the accusation, but her father informed her that appellant may have a sexually transmitted disease. A.V. then told her father that she had sex with appellant. A.V.'s father called the police.
 {¶ 7} Following an investigation, appellant was charged with unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A). After a jury trial, appellant was found guilty as charged. Thereafter, appellant filed a motion for a new trial, which was denied by the trial court. The trial court sentenced appellant to five years in prison court and found him to be a sexually-oriented offender. Appellant timely appeals, raising four assignments of error.
 {¶ 8} Assignment of Error No. 1:
 {¶ 9} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT WHEN IT ADMITTED THE HEARSAY STATEMENTS OF THE VICTIM INTO EVIDENCE."
 {¶ 10} In his first assignment of error, appellant argues that the trial court erred by admitting statements A.V. made to the police during the investigation of the incident; specifically, the detective's testimony at trial recounting A.V.'s version of the events. Appellant argues the statements are "classic hearsay" that "improperly bolster A.V.'s credibility with the jury."
 {¶ 11} We note that at trial, appellant's trial counsel objected to the testimony at issue after it had been heard by the jury. The trial judge sustained the objection. However, appellant's trial counsel did not request that the judge instruct the jury that the testimony should be ignored. As a result, appellant argues it was plain error for the trial court to allow the jury to hear the testimony without an instruction to ignore it.
 {¶ 12} Crim.R. 52(B) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." For a reviewing court to find plain error, the court "must find error, the error must be plain, which means an obvious defect in trial proceedings, and the error must have affected the defendant's *Page 4 
substantial rights." State v. Davis, Cuyahoga App. No. 88649,2007-Ohio-3419, ¶ 17, citing State v. Barnes, 94 Ohio St.3d 21,2002-Ohio-68. This rule has been interpreted to require a finding that "but for the error, the outcome of the trial clearly would have been different." State v. Davis, Cuyahoga App. No. 88649, 2007-Ohio-3419, ¶ 17, citing State v. Long (1978), 53 Ohio St.2d 91; State v. Hill,92 Ohio St.3d 191, 203, 2001-Ohio-141. "Plain error should be found only in exceptional circumstances and only to prevent a manifest miscarriage of justice." Hill at 203.
 {¶ 13} "`Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). Generally, hearsay testimony is inadmissible unless the testimony falls within one of the recognized exceptions to the hearsay rule. See Evid.R. 802.
 {¶ 14} A review of the record demonstrates that there was no plain error. Appellant's trial counsel objected to the testimony immediately after the statements were made by the detective, which was sustained by the trial court. Further, A.V. testified at trial and her statements were already part of the record. The detective's recitation of A.V.'s statements did not prejudicially bolster her credibility. In addition, A.V. and the detective were subject to cross-examination by appellant's trial counsel.
 {¶ 15} Appellant's first assignment of error is overruled.
 {¶ 16} Assignment of Error No. 2:
 {¶ 17} "THE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 18} Assignment of Error No. 3:
 {¶ 19} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT WHEN IT FURTHER OVERRULED HIS MOTION FOR A NEW TRIAL."
 {¶ 20} Since the same arguments are presented in appellant's second and third assignments of error, we will address them together. *Page 5 
 {¶ 21} In his second assignment of error, appellant argues that he received ineffective assistance of counsel because his counsel's license was suspended shortly after trial, counsel did not allow appellant to testify, counsel failed to investigate and call witnesses, and failed to object to hearsay evidence. Additionally, appellant argues that the cumulative effect of these errors resulted in an unfair trial. Further, in his third assignment of error, appellant argues the trial court erred by failing to grant a new trial for the reasons stated in his second assignment of error.
 {¶ 22} Reversal of a conviction for ineffective assistance requires that the defendant show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. Strickland v. Washington
(1984), 466 U.S. 668, 687, 104 S.Ct. 2052; State v. Ketterer,111 Ohio St.3d 70, 2006-Ohio-5283, ¶ 81.
 {¶ 23} A strong presumption exists that a licensed attorney is competent and that the challenged action is the product of sound trial strategy and falls within the wide range of professional assistance.Strickland at 689. While the wisdom of a given strategy may be debatable, trial tactics, even "debatable trial tactics," do not constitute a denial of effective assistance of counsel. State v.Leonard, 104 Ohio St.3d 54, 2004-Ohio-6235, ¶ 146; State v.Heffernan, Clermont App. Nos. CA2005-11-104, CA2005-11-105,2006-Ohio-5659, ¶ 11.
 {¶ 24} As we analyzed above, appellant was not prejudiced by the admission of the detective's testimony. Further, appellant's counsel did object to the statements and the objection was sustained. For the reasons explained in the previous assignment of error, appellant's trial counsel was not deficient for failing to move to strike the statements, nor was appellant deprived of a fair trial.
 {¶ 25} Second, appellant advises this court to review Cincinnati BarAssociation v. Washington, 109 Ohio St.3d 308, 2006-Ohio-2423, pertaining to the suspension of his trial *Page 6 
counsel's law license by the Ohio Supreme Court. Appellant argues the suspension effectively rebuts the presumption of competence.
 {¶ 26} We disagree. Appellant's trial counsel was sanctioned for improper client billing, misappropriation of retainer funds, and a substance dependency. Id. at ¶ 7. The misconduct occurred during 2003 and half of 2004. Id. at ¶ 9. In addition, counsel entered into a substance abuse treatment program and enrolled in the Ohio Lawyers Assistance Program several months before the complaint was even filed by the bar association on April 18, 2005. Id. at ¶ 3 and ¶ 7. Appellant's trial counsel had already been in substance abuse treatment before the beginning of his representation in the instant matter and over a year before the trial. Further, the misconduct did not involve trial practice issues or client neglect. Nor was the suspension related to counsel's representation of appellant.
 {¶ 27} Whether a defendant testifies at trial is a clear example of trial strategy. See State v. Ambrosi, Lorain App. No. 03CA008387,2004-Ohio-5552, ¶ 14; see, also, State v. Mohammad, Cuyahoga App. No. 80867, 2002-Ohio-5850, ¶ 46-48 (decision not to call appellant as a witness is within the range of professionally reasonable judgment). Also, there is nothing in the record that shows what appellant's potential testimony would have been or how it would have affected the outcome of the case.
 {¶ 28} In addition, appellant argues that he was prejudiced by trial counsel's failure to investigate and call alibi witnesses. Appellant claims in his brief and his motion for a new trial he had two alibi witnesses that trial counsel should have called, one of which was in the courtroom during trial.
 {¶ 29} We first note that, "[g]enerally, counsel's decision whether to call a witness falls within the rubric of trial strategy and will not be second-guessed by a reviewing court." State v. Treesh,90 Ohio St.3d 460, 490, 2001-Ohio-4. Secondly, there is nothing in the record identifying appellant's potential witnesses, what the potential testimony would have been, and *Page 7 
how this testimony would have changed the outcome of the case. Further, appellant does not state what his alibi defense would have been. As a result, we find no prejudice and no cumulative error based on ineffective assistance.
 {¶ 30} Further, the decision to grant or deny a motion for a new trial is within the sound discretion of the trial court. State v. Hawkins
(1993), 66 Ohio St.3d 339, 350. A reviewing court must, without substituting its own judgment for that of the trial court, determine whether or not the trial court abused its discretion in denying a new trial motion. Id.
 {¶ 31} For the reasons stated above, we find the trial court did not abuse its discretion in denying appellant's motion for a new trial.
 {¶ 32} Appellant's second and third assignments of error are overruled.
 {¶ 33} Assignment of Error No. 4:
 {¶ 34} "THERE WAS INSUFFICIENT EVIDENCE TO JUSTIFY A CONVICTION AGAINST DEFENDANT." [sic]
 {¶ 35} In his fourth assignment of error, appellant challenges the sufficiency of the evidence. Appellant attacks A.V.'s credibility, arguing that no trier of fact could have believed her testimony because the alleged incident occurred on the middle of the floor when her best friend could have walked in at any time, she only wrote her feelings in the diary and nothing of the incident, the dates in the diary were incorrect, and she did not tell anybody about the incident for several months following the incident. In addition, appellant argues there was no physical evidence such as a bloody towel.
 {¶ 36} In reviewing the sufficiency of the evidence to support a criminal conviction, the reviewing court is "to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, 273. After viewing the evidence in a light most favorable to the prosecution, the relevant inquiry is whether any *Page 8 
rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Smith,80 Ohio St.3d 89, 113, 1997-Ohio-355. In considering the sufficiency of the evidence, a reviewing court must give "full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson v. Virginia (1979), 443 U.S. 307, 319, 99 S.Ct. 2781. See, also, State v. White, Franklin App. No. 06AP-607, 2007-Ohio-3217, ¶ 26.
 {¶ 37} R.C. 2907.04(A) provides, "No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard."
 {¶ 38} After a review of the record, we find that the state presented sufficient evidence to support appellant's conviction. At trial, A.V. testified that she engaged in consensual intercourse with appellant. In addition, A.V.'s father testified about finding the diary and confronting A.V. about her statements in the diary and her involvement with appellant. Further, the state presented a recorded conversation wherein appellant told A.V. that he loved her.
 {¶ 39} Appellant's fourth assignment of error is overruled.
 {¶ 40} Judgment affirmed.
 YOUNG, P.J., and POWELL, J., concur. *Page 1