O’Donnell, J.,
dissenting.
{¶ 19} Respectfully, I dissent.
{¶ 20} When imposing discipline on members of the bar, our responsibility is to protect the public from attorneys who are unable to demonstrate the ability to engage in the practice of law with the highest moral and ethical standards and to *306 display the highest degree of professionalism in their personal life and professional engagements.
{¶ 21} Here, the parties stipulated that Carly L. Snavely’s heroin addiction contributed to her misconduct, including forging her client’s signature on a notice that she lacked malpractice insurance, and that she has not used drugs since January 11, 2014.
{¶ 22} But when a Geauga County Grand Jury indicted her for two counts of forgery, it alleged that those offenses occurred between June 1, 2014, and July 31, 2014—after she had attained sobriety. And when the trial court accepted her guilty plea to attempted forgery (as the lesser included offense of the forgery charged in the indictment), it granted the state’s motion to amend that count to reflect that the offense occurred “on or between February 25, 2013-July 31, 2014 instead of June 1, 2014-July 31, 2014.” (Emphasis sic.)
{¶ 23} Based on Snavely’s admission of guilt and the dates referenced in the amended indictment, it is possible that she committed this offense after she last used drugs in January 2014; if so, her addiction did not contribute to or mitigate her misconduct, and therefore, a more severe sanction may be appropriate.
{¶ 24} The stipulations do not address whether Snavely cooperated with the disciplinary investigation. But when relator filed the complaint against her, it alleged that Snavely had “stated that, on February 25, 2013, [she] provided Mr. Russell with a written notice stating that [she] does not carry professional liability insurance,” that she had “stated that Mr. Russell signed the written notice in [Snavely’s] presence,” and that she had “provided relator a photocopy of the written notice.” These statements are inconsistent with her current claim to have “no active, working memory of the forgery.” And in her answer, Snavely only denied the allegations against her for want of knowledge, similarly claiming, for example, that she “cannot recall stating that Mr. Russell signed the written notice in [her] presence.”
{¶ 25} Thus, the scant facts in the record before us—including the allegations in the indictment and in the complaint—suggest that the attempted forgery occurred after Snavely had stopped using heroin in January 2014 and after the investigation into her misconduct commenced. Relator received Russell’s grievance in April 2014, and it was during the investigation that followed that Snavely apparently presented the forged document to relator as authentic.
{¶ 26} In each of the cases cited by the parties as supporting the recommended suspension of two years with 18 months stayed—Disciplinary Counsel v. Hoppel, 129 Ohio St.3d 53, 2011-Ohio-2672, 950 N.E.2d 171; Toledo Bar Assn. v. Shousher, 112 Ohio St.3d 533, 2007-Ohio-611, 861 N.E.2d 536; and Cincinnati Bar Assn. v. Washington, 109 Ohio St.3d 308, 2006-Ohio-2423, 847 N.E.2d 435—the respective attorneys committed the misconduct before attaining sobriety. Hoppel at *307 ¶ 11; Shousher at ¶ 30-31; Washington at ¶ 3, 7. As we explained in Cleveland Metro. Bar Assn. v. Toohig, 133 Ohio St.3d 548, 2012-Ohio-5202, 979 N.E.2d 332, an addiction is not a contributing cause to misconduct or a significant mitigating factor when “much of the charged misconduct occurred after [the] period of sobriety commenced.” Id. at ¶ 50, 53-54. Further, in Hoppel, Shousher, and Washington, the attorneys had taken responsibility for their misconduct and fully cooperated in the disciplinary proceedings. Hoppel at ¶ 10; Shousher at ¶ 32; Washington at ¶ 6. None claimed to lack memory of committing the misconduct.
Michael T. Judy Co., L.P.A., and Michael T. Judy, for relator.
Dunson Law, L.L.C., and Joseph P. Dunson, for respondent.
{¶ 27} In contrast, the stipulations here do not establish that Snavely’s misconduct occurred before she attained sobriety or that there was a causal connection between her addiction and the attempted forgery offense, nor do the stipulations reflect that Snavely gave full and free disclosure to the Board of Professional Conduct or had a cooperative attitude toward the disciplinary proceedings, which is significant because she has claimed not to remember committing the attempted forgery offense and appears to have made untrue statements to relator during the investigation.
{¶ 28} Accordingly, I would remand this matter to the board to determine whether Snavely committed the attempted forgery offense before attaining sobriety and whether she cooperated with the disciplinary investigation and to consider whether a more severe sanction is warranted.
Kennedy, J., concurs in the foregoing opinion.