GEAUGA COUNTY BAR ASSOCIATION *v.* MARTORANA.

[Cite as *Geauga Cty. Bar Assn. v. Martorana,* 137 Ohio St.3d 19,

2013-Ohio-1686.]

*Attorneys—Misconduct—Charging clearly excessive fee—Public reprimand.*

(No. 2011-2028—Submitted February 6, 2013—Decided April 30, 2013.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and

Discipline of the Supreme Court, No. 11-056.

_____

**Per Curiam**.

{¶ 1} Respondent, Kim Gerette Martorana, of Auburn Township, Ohio, Attorney Registration No. 0060109, was admitted to the practice of law in Ohio in 1992. In an 11-count first amended complaint, relator, Geauga County Bar Association, alleged that Martorana violated five Rules of Professional Conduct as a result of her connections with a paralegal support company and out-of-state counsel and two additional rules as a result of charging excessive and nonrefundable fees in five client matters. The parties initially submitted a consent-to-discipline agreement in which Martorana stipulated to all of the charged misconduct and the parties recommended a stayed six-month suspension. The Board of Commissioners on Grievances and Discipline recommended adoption of the agreement, but we rejected the parties' recommended sanction and remanded the matter for further proceedings. *Geauga Cty. Bar Assn. v. Martorana*, 131 Ohio St.3d 1404, 2012-Ohio-79, 959 N.E.2d 537.

{¶ 2} On remand, the parties submitted stipulations of facts, misconduct, and aggravating and mitigating factors, and, for a second time, they recommended a sanction of a stayed six-month suspension. In the stipulations, Martorana again admitted to committing all of the charged misconduct, and relator therefore did

not present any additional evidence at the panel hearing. The panel adopted the parties' stipulated facts and agreed with the proposed sanction, but it found only one violation of the Rules of Professional Conduct and recommended dismissal of the remaining six charges based on insufficiency of the evidence. The board agreed with the panel's findings of fact and misconduct, but it concluded that Martorana's misconduct warrants a public reprimand. No party has filed objections to the board's recommendation.

{¶ 3} Upon our independent review of the record, we adopt the board's findings of fact and misconduct and agree that the appropriate sanction is a public reprimand.

### Misconduct

{¶ 4} Relator alleged that Martorana charged excessive and nonrefundable fees in five client matters, improperly divided fees with out-of-state counsel, engaged in the unauthorized practice of law, failed to supervise nonlawyers in a connected paralegal support company, and failed to disclose to her clients her relationships with out-of-state counsel and the paralegal support company. However, the panel and board found that relator proved only one rule violation—charging a clearly excessive fee as prohibited by Prof.Cond.R. 1.5.

{¶ 5} As to that one rule violation, the stipulated facts demonstrate that Martorana, doing business as Martorana Legal Services, L.L.C. ("MLS"), provided mortgage-related services for homeowners facing foreclosure. Martorana requested that her clients enter into a written fee agreement requiring an up-front flat fee deemed earned in full by MLS at the time of payment. The agreement also stated, however, that the client was entitled to a full refund if MLS declined representation and no legal work beyond the initial review was completed.

{¶ 6} In each of the five matters at issue, the client contacted MLS for mortgage-related assistance, executed Martorana's written fee agreement, and

paid a flat fee ranging from $1,695 to $2,300. However, for various reasons, MLS was unable to complete the requested work. For example, in one case, the client requested an interest-rate adjustment, but after reviewing the necessary paperwork from the client, MLS informed him that it could not negotiate an adjustment with the client's lender. Other clients requested that MLS obtain a loan modification, but after reviewing the client's financial records, MLS informed them that it could not obtain the modification. In each matter, the client either requested a refund or expressed dissatisfaction with MLS. However, in three of the cases, Martorana refused to refund any of the client's money, and in the two other matters, she refunded less than one-third of the flat fee. After the filing of the original complaint, Martorana made full restitution in all five cases.

{¶ 7} The board on remand found that Martorana's conduct violated Prof.Cond.R. 1.5(a) (prohibiting a lawyer from making an agreement for, charging, or collecting an illegal or clearly excessive fee). This rule lists a number of factors that must be considered in determining whether a fee is reasonable, including the time and skill required to perform the legal services, the amount involved, and the results obtained. *See* Prof.Cond.R. 1.5(a)(1) and (4). While the record here is unclear on what, if any, legal skill was required to perform MLS's mortgage-related services for these five clients, the record is clear that the cost of MLS's services was disproportionate to any benefit that the clients received. Based on these findings, we agree with the board that Martorana charged a clearly excessive fee and violated Prof.Cond.R. 1.5(a).

{¶ 8} In addition, we accept the panel and board's recommendation to dismiss the remaining allegations for insufficiency of the evidence. Accordingly, the other six allegations of rule violations are hereby dismissed.

### Sanction

{¶ 9} When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties violated, the actual injury

caused, the existence of any aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B), and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16; *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

{¶ 10} We have already identified Martorana's ethical breaches to her clients. As mitigating factors, the board found an absence of a prior disciplinary record, a cooperative attitude during the disciplinary investigation, and full restitution to each of the five clients. *See* BCGD Proc.Reg. 10(B)(2)(a), (c), and (d). In addition, the board highlighted the significant changes that Martorana made to her law practice after relator notified her that she may be engaging in professional misconduct. For example, she has since changed her standard fee agreement to charge an hourly fee with a retainer, rather than a flat fee, and she terminated her relationships with the paralegal support company and out-of-state counsel. The board found only one aggravating factor—that Martorana engaged in multiple acts of misconduct. *See* BCGD Proc.Reg. 10(B)(1)(d).

{¶ 11} For precedent, the board has not cited any case law for its recommendation of a public reprimand. The panel, however, relies primarily on *Cincinnati Bar Assn. v. Harwood*, 125 Ohio St.3d 31, 2010-Ohio-1466, 925 N.E.2d 965, in which we issued a stayed six-month suspension to an attorney who violated five Rules of Professional Conduct relating to his work for foreclosure companies. In that opinion, we explained that an attorney's alliances with nonattorney companies to represent clients in mortgage-foreclosure proceedings can result in certain "ills," such as the unauthorized practice of law and the improper division of legal fees. *Id.* at ¶ 13. While relator here claimed that Martorana's misconduct led to some of these same ills, those charges against Martorana have now been dismissed. And, unlike this case, *Harwood* did not

4

include an allegation for charging a clearly excessive fee. We therefore disagree with the panel that the sanction imposed in *Harwood* is relevant to our analysis.

{¶ 12} Instead, we look to guidance in our precedent involving similar violations of Prof.Cond.R. 1.5. Under that line of cases, we have consistently issued public reprimands to attorneys for charging an excessive fee when the record also includes significant mitigating evidence. *See, e.g.*, *Disciplinary Counsel v. Smith*, 124 Ohio St.3d 49, 2009-Ohio-5960, 918 N.E.2d 992, ¶ 23-29 (public reprimand for attorney who charged excessive fees; mitigating factors included lack of a prior disciplinary record, cooperation in the disciplinary investigation, and the attorney's inexperience); *Cincinnati Bar Assn. v. Randolph*, 85 Ohio St.3d 325, 326-327, 708 N.E.2d 192 (1999) (public reprimand for attorney who charged excessive fees; mitigating factors included attorney's complete restitution and acceptance of responsibility); *Cincinnati Bar Assn. v. Seibel*, 132 Ohio St.3d 411, 2012-Ohio-3234, 972 N.E.2d 594, ¶ 8-16 (public reprimand for attorney who charged a nonrefundable fee; mitigating factors included lack of a prior disciplinary record, acceptance of responsibility, cooperation with the disciplinary investigation, and restitution); *Trumbull Cty. Bar Assn. v. Rucker*, 134 Ohio St.3d 282, 2012-Ohio-5642, 981 N.E.2d 866, ¶ 3-6 (public reprimand for attorney who charged a nonrefundable fee; mitigating factors included lack of a prior disciplinary record, cooperation with the disciplinary investigation, and restitution).

{¶ 13} While we have imposed harsher sanctions for charging an excessive fee, those sanctions have typically been imposed in cases with significant aggravating factors, most notably a failure to return the client's money. For example, in *Akron Bar Assn. v. Carr,* 131 Ohio St.3d 210, 2012-Ohio-610, 963 N.E.2d 802, the respondent attorney—similar to Martorana here—was found in violation of only one disciplinary rule, Prof.Cond.R. 1.5(a). However, that attorney did not make restitution, he was driven by a selfish motive, and he failed

to acknowledge the wrongful nature of his conduct. *Id.* at ¶ 16. Accordingly, we issued a six-month, fully stayed suspension on conditions, including the condition that he make complete restitution. *Id.* at ¶ 19. *See also Columbus Bar Assn. v. Halliburton-Cohen*, 106 Ohio St.3d 98, 2005-Ohio-3956, 832 N.E.2d 42 (attorney who charged an excessive fee, along with other misconduct, suspended for six months, stayed on the condition that she fully refund her client's money; prior discipline was considered an aggravating factor).

{¶ 14} Similarly, we have also imposed harsher sanctions on attorneys who charged a clearly excessive fee and committed additional misconduct. For example, in *Cuyahoga Cty. Bar Assn. v. Cook*, 121 Ohio St.3d 9, 2009-Ohio-259, 901 N.E.2d 225, the attorney not only charged an excessive fee, but he also failed to deposit unearned funds in a client trust account and failed to maintain records for client funds in his possession. *Id.* at ¶ 8. We accordingly issued a six-month suspension, stayed on conditions, including the condition that he repay his client. *Id.* at ¶ 12. *See also Toledo Bar Assn. v. Johnson*, 121 Ohio St.3d 226, 2009-Ohio-777, 903 N.E.2d 306 (attorney suspended for six months, stayed on conditions, for charging two clients an excessive fee, impermissibly sharing fees with another lawyer, and failing to deposit unearned fees in a client trust account); *Dayton Bar Assn. v. Parisi*, 131 Ohio St.3d 345, 2012-Ohio-879, 965 N.E.2d 268 (attorney suspended for six months, stayed on conditions, for charging a client an excessive fee, continuing a representation that created a conflict of interest, and engaging in conduct prejudicial to the administration of justice).

{¶ 15} While Martorana's misconduct affected five clients, she has violated only one disciplinary rule. In addition, she has no prior disciplinary record, she fully cooperated in the disciplinary investigation, she made significant changes to her law practice, and—unlike the respondent in *Carr*—she made complete restitution to each client. A public reprimand here is consistent with our precedent involving cases of similar misconduct and aggravating and mitigating

factors. Accordingly, we accept the board's recommendation and hereby publicly reprimand Kim Gerette Martorana for her violation of Prof.Cond.R. 1.5(a).

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, FRENCH, and O'NEILL, JJ., concur.

KENNEDY, J., dissents and would impose a stayed six-month suspension.

_____

Patricia J. Schraff and Todd Petersen, for relator.

Gallagher Sharp, Monica A. Sansalone, and Jamie A. Price, for respondent.

_____