COLUMBUS BAR ASSOCIATION *v.* ADUSEI.

[Cite as *Columbus Bar Assn. v. Adusei,* 136 Ohio St.3d 155, 2013-Ohio-3125.]

*Attorneys—Misconduct—Charging a clearly excessive fee and failing to set forth a contingent-fee agreement in writing—Public reprimand.*

(No. 2012-2075—Submitted February 6, 2013—Decided July 23, 2013.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 12-039.

_____

**Per Curiam**.

**{¶ 1}** Respondent, Alexander Yaw Adusei Jr. of Columbus, Ohio, Attorney Registration No. 0082023, was admitted to the practice of law in Ohio in 2007.

**{¶ 2}** In an April 23, 2012 complaint, relator, Columbus Bar Association, charged Adusei with professional misconduct based on his representation of family members of decedent Joseph Addai in matters involving Addai's death and estate. Specifically, Adusei was charged with misconduct for (1) collecting an illegal or clearly excessive legal fee, (2) failing to reduce a contingent-fee agreement to writing, and (3) creating a conflict of interest by representing multiple members of Addai's family.

**{¶ 3}** The parties stipulated, and the panel found, that Adusei's conduct with regard to Addai's death violated Prof.Cond.R. 1.5(a) (prohibiting a lawyer from making an agreement for, charging, or collecting an illegal or clearly excessive fee) and 1.5(c)(1) (requiring an attorney to have set forth a contingent-fee agreement in a writing signed by the client).[1] Relator withdrew the alleged

_____

1. The stipulations, the hearing panel, and the board all cite Prof.Cond.R 1.5(c) generally, but only the first paragraph of the rule is at issue here. *See* Prof.Cond.R. 1.5(c)(1). Adusei has not been

conflict-of-interest violations, under Prof.Cond.R. 1.7(a) through (c) (generally regulating a lawyer's representation when a client's interests will conflict, or when there is a substantial risk that they will conflict, with the lawyer's own interests or those of another client or former client). The parties stipulated that Adusei should be publicly reprimanded for his misconduct.

{¶ 4} The Board of Commissioners on Grievances and Discipline adopted the parties' stipulations, but found an aggravating factor, and recommended that we publicly reprimand Adusei for his misconduct. For the reasons that follow, we adopt the board's findings of fact, and we agree that a public reprimand is the appropriate sanction in this case.

**Misconduct**

{¶ 5} The parties stipulated that in June 2009, Joseph Addai was killed in an automobile accident in Columbus. Adusei had met Addai through interactions with members of the Ghanaian community in Columbus, and he had represented Addai on occasional traffic matters in the past.

{¶ 6} Soon after Addai's death, Addai's niece and nephew, along with two residents of Addai's village in Ghana (collectively, the "extended family"), approached Adusei to discuss issues involving Addai's death and estate. Adusei met with the extended family to discuss the possibility of returning Addai's body to Ghana, cultural issues regarding the distribution of Addai's assets, and legal issues related to Addai's estate. At the end of the meeting, the extended family expressed a desire to retain Adusei to assist with funeral arrangements and the possible transportation of Addai's body to Ghana.

{¶ 7} Adusei did not enter into a written agreement with the extended family, but he did raise the issue of compensation. The extended family did not

---

charged with violating Prof.Cond.R. 1.5(c)(2) (requiring a lawyer entitled to a contingent fee to prepare a closing statement to be signed by the lawyer and the client, detailing the lawyer's compensation, any costs and expenses to be deducted, and any division of fees with a lawyer not in the same firm).

2

have funds to compensate Adusei, but they verbally agreed that he would receive one-third of any amounts recovered on behalf of Addai's estate from any source. The remaining two-thirds would be divided among Addai's legal heirs. Adusei did not discuss this arrangement with Addai's children or his widow, Mrs. Comfort Addai, all of whom resided in Ghana.

{¶ 8} Subsequently, Adusei learned that Addai had a life insurance policy at the time of his death. The policy named Mrs. Addai as the sole beneficiary, entitling her to receive a payout of $23,816. Adusei attempted to arrange for Mrs. Addai and her children to travel to the United States to receive the money. Those efforts proved unsuccessful, so Adusei traveled to Ghana himself.

{¶ 9} Adusei met with Mrs. Addai on November 12, 2009. At the meeting, Mrs. Addai executed a power of attorney in favor of Adusei. Adusei and Mrs. Addai discussed fees, but they did not enter into any written agreement. Mrs. Addai did not agree to pay Adusei's expenses for traveling to Ghana. However, at the end of the meeting, Adusei believed that Mrs. Addai had agreed to pay a contingent fee.

{¶ 10} On March 29, 2009, Adusei received the proceeds of Addai's insurance policy (and interest)—$24,005.10. Of that amount, Adusei retained $7,956.77 as his fee and gave $1,300 to Addai's extended family. Mrs. Addai received the balance: $14,748.33.

{¶ 11} The parties stipulated, and the panel and board found, that Adusei violated Prof.Cond.R. 1.5(a) by entering into a contingent-fee agreement to collect life-insurance proceeds. In addition, the parties stipulated and the panel and board found that Adusei violated Prof.Cond.R. 1.5(c)(1) by failing to reduce his contingent-fee agreement to writing.

{¶ 12} On the recommendation of the panel and board, we adopt the stipulated findings of fact and misconduct.

**Sanction**

{¶ 13} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

{¶ 14} As discussed above, Adusei failed to reduce a contingent-fee agreement to writing. Under that agreement, he collected nearly $8,000 in fees simply for collecting and distributing insurance proceeds. This is clearly excessive for the work Adusei performed.

{¶ 15} As to aggravating factors, the panel and board rejected the stipulation that no aggravating factors are present in this case. Instead, the panel and the board found clear and convincing evidence of a single aggravating factor—Adusei's actions harmed a vulnerable client. *See* BCGD Proc.Reg. 10(B)(1)(h).

{¶ 16} The parties stipulated to three mitigating factors, and the panel and board found clear and convincing evidence of each one. Adusei had no prior disciplinary record, he cooperated with relator's investigation, and he expressed remorse and made restitution to Mrs. Addai. *See* BCGD Proc.Reg. 10(B)(2)(a), (c), and (d).

{¶ 17} The parties have stipulated, and the panel and board recommend, that the appropriate sanction for Adusei's misconduct is a public reprimand.

{¶ 18} Our decisions in cases involving similar violations of Prof.Cond.R. 1.5 indicate that a public reprimand is the appropriate sanction here. "[W]e have consistently issued public reprimands to attorneys for charging an excessive fee when the record also includes significant mitigating evidence." *Geauga Cty. Bar*

*Assn. v. Martorana*, 137 Ohio St.3d 19, 2013-Ohio-1686, 997 N.E.2d 486, ¶ 12. *See, e.g.*, *Disciplinary Counsel v. Smith*, 124 Ohio St.3d 49, 2009-Ohio-5960, 918 N.E.2d 992, ¶ 23-29 (attorney publicly reprimanded for charging excessive fees when mitigating factors included lack of prior disciplinary record, cooperation in the disciplinary investigation, and the attorney's inexperience); and *Cincinnati Bar Assn. v. Randolph*, 85 Ohio St.3d 325, 326-327, 708 N.E.2d 192 (1999) (attorney publicly reprimanded for charging excessive fees when mitigating factors included restitution and acceptance of responsibility).

**{¶ 19}** By contrast, we have imposed harsher sanctions for charging an excessive fee when significant aggravating factors—such as not returning a client's money—exist. *Martorana* at ¶ 13. For example, we imposed a six-month stayed suspension for charging an excessive fee in *Akron Bar Assn. v. Carr*, 131 Ohio St.3d 210, 2012-Ohio-610, 963 N.E.2d 802, ¶ 19. Like Adusei, the attorney in *Carr* caused harm to a vulnerable client by charging an excessive fee, had no prior disciplinary record, and fully cooperated in the disciplinary proceeding. *Id.* at ¶ 16. Unlike Adusei, however, the attorney in *Carr* did not make restitution, failed to acknowledge the wrongful nature of his conduct, and was driven by a selfish motive. *Id*.

**{¶ 20}** As discussed above, Adusei made full restitution to his client, repaying the entire fee he collected and the amount he distributed to Addai's extended family. He acknowledged the wrongful nature of his conduct and cooperated with relator's investigation. Under these circumstances, a public reprimand is an appropriate sanction for Adusei's violation of Prof.Cond.R. 1.5(a).

**{¶ 21}** Adusei's additional violation of Prof.Cond.R. 1.5(c)(1) does not demand a harsher sanction. In *Disciplinary Counsel v. Hackett*, 129 Ohio St.3d 186, 2011-Ohio-3096, 950 N.E.2d 969, we imposed a public reprimand upon an attorney who not only charged an excessive fee, but also violated Prof.Cond.R.

5.6 (prohibiting a lawyer from offering or participating in an employment agreement that restricts the right of a lawyer to practice after termination of the relationship).

{¶ 22} Accordingly, we publicly reprimand Alexander Yaw Adusei Jr. for collecting an illegal or clearly excessive legal fee and for failing to reduce a contingent-fee agreement to writing. Costs are taxed to Adusei.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Barno Law, L.L.C., and Melissa A. Black; Benesch Friedlander Coplan & Aronoff, L.L.P., and James L. Ervin; and Bruce A. Campbell, Bar Counsel, and A. Alysha Clous, Assistant Bar Counsel, for relator.

James E. Arnold & Associates, L.P.A., and Alvin E. Mathews, for respondent.

_____

6