[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Mahoning Cty. Bar Assn. v. Bauer,* Slip Opinion No. 2015-Ohio-3653.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-3653

MAHONING COUNTY BAR ASSOCIATION *v.* BAUER.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Mahoning Cty. Bar Assn. v. Bauer,* Slip Opinion No. 2015-Ohio-3653.]**

*Attorney misconduct, including attempting to resolve a fee dispute with another lawyer through the court system rather than through mediation or arbitration by a bar association—Public reprimand.*

(No. 2015-0282—Submitted April 14, 2015—Decided September 10, 2015.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2014-056.

_____

**Per Curiam**.

{¶ 1} Respondent, Roger Richard Bauer of Warren, Ohio, Attorney Registration No. 0015998, was admitted to the practice of law in Ohio in 1973.

**{¶ 2}** On July 7, 2014, a probable-cause panel of the Board of Commissioners on Grievances and Discipline[1] certified to the board a single-count complaint filed against Bauer by relator, Mahoning County Bar Association. In that complaint, relator alleged that Bauer had committed multiple ethical violations in attempting to collect fees from the settlement of a personal-injury case that he had referred to another lawyer.

**{¶ 3}** The parties entered into stipulations of fact, misconduct, and aggravating and mitigating factors and agreed that a one-year suspension, all stayed on conditions, is the appropriate sanction for Bauer's violation of three rules governing the ethical conduct of lawyers in Ohio. The parties agreed that six additional allegations of rule violations should be dismissed.

**{¶ 4}** The panel granted the parties' joint motion to waive the hearing and adopted their agreed stipulations. However, it rejected their agreed sanction and recommended that Bauer be publicly reprimanded for his misconduct. The board adopted the findings of fact, conclusions of law, and recommendation of the panel. We adopt those findings and publicly reprimand Bauer for his misconduct.

**Misconduct**

**{¶ 5}** Sometime in 2000, a friend contacted Bauer to ask him whether he knew any attorneys who handled medical-malpractice cases. According to Bauer, after this discussion, he met with his friend's sister, who was concerned that her daughter, who was less than a year old, had brain damage caused by medical negligence during her birth. Bauer recommended that the mother meet with another attorney, who eventually entered into a written contingent-fee agreement with the parents and, in 2010, obtained a substantial jury verdict in their favor.

**{¶ 6}** Although Bauer had not entered into a written fee agreement with the child's parents, he filed suit against the attorney who represented them in the

---

[1] Effective January 1, 2015, the Board of Commissioners on Grievances and Discipline has been renamed the Board of Professional Conduct. *See* Gov.Bar R. V(1)(A), 140 Ohio St.3d CII.

malpractice action, claiming that he was entitled to share in the attorney fees earned in their case. The court dismissed the case, and the matter was ultimately arbitrated by the Ohio State Bar Association, which ruled against Bauer.

{¶ 7} The parties stipulated and the board found that Bauer's conduct violated DR 2-107(A)(2) (requiring a lawyer to disclose in writing to the client the terms of any division of fees between lawyers who are not in the same firm and the identity of all lawyers sharing in the fees), Prof.Cond.R. 1.5(c) (requiring an attorney to set forth a contingent-fee agreement in a writing signed by the client), 1.5(e) (permitting attorneys who are not in the same firm to divide fees only if the fee division is reasonable and proportional to the work performed, the client consents to the arrangement in writing after full disclosure, and a written closing statement is prepared and signed by the client and each lawyer), and 1.5(f) (requiring fee disputes regarding the division of fees between lawyers to be resolved through mediation or arbitration by a local bar association or the Ohio State Bar Association).[2] They also recommend that the remaining charges alleging rule violations be dismissed. We adopt the board's findings of fact and misconduct.

### Sanction

{¶ 8} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424,

---

[2] Relator charged Bauer with misconduct under applicable rules for acts occurring before and after February 1, 2007, the effective date of the Rules of Professional Conduct, which supersede the Disciplinary Rules of the Code of Professional Responsibility. When both the former and current rules are cited for the same acts, the allegations comprise a single continuing ethical violation. *Disciplinary Counsel v. Freeman*, 119 Ohio St.3d 330, 2008-Ohio-3836, 894 N.E.2d 31, ¶ 1, fn. 1.

2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. We also weigh evidence of the aggravating and mitigating factors listed in Gov.Bar R. V(13).

{¶ 9} The parties stipulated and the board found that no aggravating factors are present. As mitigating factors, they determined that Bauer does not have a prior disciplinary record, has made full and free disclosure and demonstrated a cooperative attitude toward the disciplinary proceedings, has presented evidence of his good character and reputation apart from the charged misconduct, and acknowledged the wrongfulness of his actions. *See* Gov.Bar R. V(13)(C)(1), (4), and (5).

{¶ 10} The parties jointly recommended that Bauer be suspended for one year, all stayed on conditions. The board considered the sanctions imposed in three cases involving similar violations: *Cleveland Metro. Bar v. Schiff*, 139 Ohio St.3d 456, 2014-Ohio-2573, 12 N.E.3d 1207 (imposing a two-year suspension, all stayed, for the attorney's failure to obtain consent from numerous clients to refer their matters to outside counsel and to split fees with those attorneys, neglect of a client matter, and failure to reasonably communicate with a client); *Columbus Bar Assn. v. Adusei*, 136 Ohio St.3d 155, 2013-Ohio-3125, 991 N.E.2d 1142 (publicly reprimanding an attorney who failed to reduce a contingent-fee agreement to writing signed by the client and charging an illegal or clearly excessive fee); and *Cincinnati Bar Assn. v. Seibel*, 132 Ohio St.3d 411, 2012-Ohio-3234, 972 N.E.2d 594 (rejecting the parties' stipulated sanction of a stayed six-month suspension in favor of publicly reprimanding an attorney who failed to reduce a contingent-fee agreement to a writing signed by the client, charged a nonrefundable fee without making required disclosures about that fee, failed to hold client funds in an interest-bearing client trust account separate from his own funds, and failed to promptly deliver funds or other property that the client was entitled to receive).

**{¶ 11}** The board acknowledged that the parties' recommended sanction of a stayed one-year suspension fell within the range of sanctions imposed in *Schiff*, *Adusei*, and *Seibel*. But the board distinguished *Schiff* on the ground that it involved a pattern of misconduct consisting of multiple offenses and harm to multiple vulnerable clients—aggravating factors that are not present here. *See Schiff* at ¶ 13. Because we have recognized that a public reprimand is often the appropriate sanction when violations of Prof.Cond.R. 1.5 are accompanied by significant mitigating evidence and the corresponding absence of significant aggravating factors, *see Adusei* at ¶ 18-21, the board recommends that we publicly reprimand Bauer for his misconduct.

**{¶ 12}** We adopt the board's analysis and agree that a public reprimand is the appropriate sanction in this case.

**{¶ 13}** Accordingly, Roger Richard Bauer is publicly reprimanded for his misconduct. Costs are taxed to Bauer.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

————————————

Ronald E. Slipski, Bar Counsel, and David C. Comstock Jr., Bar Counsel, for relator.

Michael D. Rossi, for respondent.

————————————