[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Columbus Bar Assn. v. Midian,* Slip Opinion No. 2018-Ohio-3908.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-3908

COLUMBUS BAR ASSOCIATION *v.* MIDIAN.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Columbus Bar Assn. v. Midian,* Slip Opinion No. 2018-Ohio-3908.]

*Attorneys—Misconduct—Violations of the Rules of Professional conduct, including charging excessive fee—Public reprimand.*

(No. 2018-0541—Submitted May 8, 2018—Decided September 27, 2018.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2017-044.

_____

**Per Curiam.**

{¶ 1} Respondent, William Martin Midian, of Columbus, Ohio, Attorney Registration No. 0080941, was admitted to the practice of law in Ohio in 2006.

{¶ 2} In a formal complaint certified to the Board of Professional Conduct on October 5, 2017, relator, Columbus Bar Association, charged Midian with four violations of the Rules of Professional Conduct arising from his representation of a

single client. A panel of the board considered the cause on the parties' consent-to-discipline agreement. *See* Gov.Bar R. V(16).

**{¶ 3}** In September 2013, after pleading guilty to a misdemeanor count of workers' compensation fraud, a doctor retained Midian to take legal action to change the effect of the doctor's conviction and stay the pending misconduct charges of the state medical board. Midian discussed his fees with the client, but he never established a specific fee amount or provided the client with a written fee agreement. Midian did, however, accept a check for $25,000 from the doctor and deposit it into his client trust account. In October 2013, Midian sent $12,500 of that fee to Eric A. Jones, an attorney retained by the client to defend against related professional misconduct charges that were pending before the medical board. The following month, Jones paid Midian $5,000 from the funds that Jones had received from the client. Although Midian and Jones are not members of the same firm, they did not enter into a fee-sharing arrangement.

**{¶ 4}** Unbeknownst to the client, Midian asked another attorney with little criminal law experience to draft a motion in the doctor's case. Although Midian reviewed and approved the motion, he did not sign it—though he accepted a $17,500 fee for the work. The motion as drafted was fundamentally flawed because it did not invoke Crim.R. 32.1 or address manifest injustice—the only basis for a court to permit a defendant to withdraw a guilty plea after sentencing. Consequently, the court overruled the motion.

**{¶ 5}** The parties agree that Midian's conduct violated Prof.Cond.R. 1.5(a) (prohibiting a lawyer from making an agreement for, charging, or collecting an illegal or clearly excessive fee), 1.5(b) (requiring an attorney to communicate the nature and scope of the representation, and the basis or rate of the fee and expenses within a reasonable time after commencing the representation unless the lawyer regularly represented the client and will charge the client on the same basis as previously charged), and 1.5(e) (permitting attorneys who are not in the same firm

2

to divide fees only if the fees division is reasonable and proportional to the work performed, the client consents to the arrangement in writing after full disclosure, and a written closing statement is prepared and signed by the client and each lawyer). They also agree that one additional alleged violation should be dismissed.

{¶ 6} The parties stipulated that no aggravating factors are present and that mitigating factors include the absence of prior discipline, the absence of a selfish or dishonest motive, a cooperative attitude toward the disciplinary proceedings, evidence of Midian's good character and reputation, his refund of the entire $17,500 fee to his client on June 1, 2016, and his current use of written fee agreements for all client matters. *See* Gov.Bar R. V(13)(B) and (C)(1), (2), (3), (4), and (5).

{¶ 7} The board recommends that we adopt the parties' consent-to-discipline agreement and publicly reprimand Midian for his misconduct. In support of that recommendation, the board notes that we have imposed public reprimands for similar misconduct involving clearly excessive fees in *Columbus Bar Assn. v. Adusei*, 136 Ohio St.3d 155, 2013-Ohio-3125, 991 N.E.2d 1142, and *Geauga Cty. Bar Assn. v. Martorana*, 137 Ohio St.3d 19, 2013-Ohio-1686, 997 N.E.2d 486.

{¶ 8} Based on the foregoing, we agree that Midian's conduct violated Prof.Cond.R. 1.5(a), 1.5(b), and 1.5(e) and that a public reprimand is the appropriate sanction for that misconduct. We therefore adopt the parties' consent-to-discipline agreement.

{¶ 9} Accordingly, William Martin Midian is publicly reprimanded. Costs are taxed to Midian.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, and DEGENARO, JJ., concur.

DEWINE, J., not participating.

_____

George M. Romanello; Lori J. Brown, Bar Counsel, and A. Alysha Clous, Assistant Bar Counsel, for relator.

Isaac, Wiles, Burkholder, & Teetor, L.L.C., and Michael L. Close, for respondent.

————————————