**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Toledo Bar Assn. v. Field and Weiss,* **Slip Opinion No. 2019-Ohio-4845.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-4845

TOLEDO BAR ASSOCIATION *v*. FIELD AND WEISS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Toledo Bar Assn. v. Field and Weiss,* Slip Opinion No. 2019-Ohio-4845.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct—Public reprimand.*

(No. 2019-1081—Submitted September 11, 2019—Decided November 27, 2019.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2019-020.

_____

**Per Curiam.**

{¶ 1} Respondents, Peter Frederick Field, Attorney Registration No. 0067156, and Dan Martin Weiss, Attorney Registration No. 0065987, both of Perrysburg, Ohio, were admitted to the practice of law in Ohio in 1996.

{¶ 2} In a formal complaint certified to the Board of Professional Conduct on April 26, 2019, relator, Toledo Bar Association, charged Field and Weiss with two ethical violations relating to their representation of a single client. A panel of

the board considered the cause on the parties' consent-to-discipline agreement. *See* Gov.Bar R. V(16).

**{¶ 3}** In their consent agreement, the parties stipulated that Rhonda Riley retained attorney Joan Crosser to represent her in a personal-injury and wrongful-death case in 2012 and that the initial complaint filed by Crosser was dismissed without prejudice for want of prosecution on March 24, 2014.[1] After Crosser had already missed the deadline for refiling the lawsuit, Field and Weiss agreed to serve as cocounsel in the case. They did not, however, reduce their contingent-fee agreement to writing.

**{¶ 4}** A second complaint, identifying Field and Weiss as Crosser's cocounsel, was filed on April 27, 2015—but it was dismissed on February 24, 2016, on the grounds that the statute of limitations had expired and the complaint had not been refiled within the one-year savings period provided by R.C. 2305.19(A). Crosser retained counsel to appeal that dismissal, and Field and Weiss paid one-half the counsel's retainer. They concede, however, that they relied on Crosser to communicate with Riley and that consequently, they had no direct communication with Riley. They also acknowledge that Riley had no knowledge that her case had twice been dismissed and was forever time-barred until appellate counsel informed her of those facts in January 2017, approximately one month after he presented oral argument in her appeal.

**{¶ 5}** The parties stipulate that Field's and Weiss's conduct violated Prof.Cond.R. 1.4(a)(3) (requiring a lawyer to keep a client reasonably informed about the status of a matter) and 1.5(c)(1) (requiring a lawyer to set forth a contingent-fee agreement in a writing signed by both the client and the lawyer).

---

1. After relator filed a formal complaint against Crosser regarding her representation of Riley, we accepted Crosser's application to resign with disciplinary action pending. *In re Resignation of Crosser*, 153 Ohio St.3d 1223, 2018-Ohio-2611, 104 N.E.3d 785.

{¶ 6} The only aggravating factor present is that Field and Weiss committed multiple offenses. *See* Gov.Bar R. V(13)(B)(4). In mitigation, neither respondent had prior discipline or a dishonest or selfish motive, and both of them have demonstrated a cooperative attitude toward the disciplinary proceedings, acknowledged their wrongdoing, and submitted evidence of their good character and reputation. See Gov.Bar R. V(13)(C)(1), (2), (4), and (5).

{¶ 7} On these facts, the parties have stipulated that a public reprimand is the appropriate sanction for Field's and Weiss's misconduct. In support of that sanction, the parties relied on two cases in which we have imposed the same sanction for comparable misconduct. *See Columbus Bar Assn. v. Adusei*, 136 Ohio St.3d 155, 2013-Ohio-3125, 99 N.E.2d 1142 (publicly reprimanding an attorney who charged a clearly excessive fee and failed to reduce his contingent-fee agreement to writing); *Warren Cty. Bar Assn. v. Ernst*, 154 Ohio St.3d 131, 2018-Ohio-3900, 111 N.E.3d 1179 (publicly reprimanding an attorney who neglected a client's legal matter, failed to reasonably communicate with the client, and failed to deposit the client's retainer into his client trust account).

{¶ 8} The board found that the consent-to-discipline agreement conforms to Gov.Bar R. V(16) and recommends that we adopt the agreement in its entirety.

{¶ 9} Upon our review of the record, we agree that Field's and Weiss's conduct violated Prof.Cond.R. 1.4(a)(3) and 1.5(c)(1) and that a public reprimand is the appropriate sanction for that misconduct. We therefore adopt the parties' consent-to-discipline agreement.

{¶ 10} Accordingly, Peter Frederick Field and Dan Martin Weiss are hereby publicly reprimanded. Costs are taxed to Field and Weiss jointly and severally.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Laurie J. Avery; Reminger Co., L.P.A., and J. Randall Engwert; and Joseph P. Dawson, Bar Counsel, for relator.

Kitch, Drutchas, Wagner, Valitutti & Sherbrook, P.C., and Patrick B. Cavanaugh, for respondent.

_____