TRUMBULL COUNTY BAR ASSOCIATION *v.* RUCKER.

[Cite as *Trumbull Cty. Bar Assn. v. Rucker,*

134 Ohio St.3d 282, 2012-Ohio-5642.]

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct, including failing to act with reasonable diligence in representing a client and failing to maintain client funds in a separate account and to render a full accounting of a client's funds—Public reprimand.*

(No. 2012-1341—Submitted August 22, 2012—Decided December 5, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and

Discipline of the Supreme Court, No. 12-028.

_____

**Per Curiam.**

{¶ 1} Respondent, Gilbert Robert Rucker III of Warren, Ohio, Attorney Registration No. 0034535, was admitted to the practice of law in Ohio in 1986. On April 16, 2012, relator, Trumbull County Bar Association, charged Rucker with professional misconduct in one client matter. Relator alleged that Rucker had neglected the client matter, failed to reasonably communicate with the client, failed to deposit the client's funds in an interest-bearing client trust account, and charged the client a fee denominated as "nonrefundable" without also advising the client in writing that the client may be entitled to a refund of the fee.

{¶ 2} A panel of the Board of Commissioners on Grievances and Discipline considered the cause on the parties' consent-to-discipline agreement. *See* BCGD Proc.Reg. 11.

{¶ 3} In the consent-to-discipline agreement, Rucker stipulates to the facts as alleged in relator's complaint and agrees that his conduct violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in

representing a client), 1.4 (requiring a lawyer to reasonably communicate with a client), 1.5(d)(3) (prohibiting a lawyer from charging a fee denominated as "nonrefundable" without simultaneously advising the client in writing that the client may be entitled to a refund of all or part of the fee if the lawyer does not complete the representation), 1.15(a) (requiring a lawyer to hold property of clients in an interest-bearing client trust account, separate from the lawyer's own property), 1.15(c) (requiring a lawyer to deposit legal fees and expenses that are paid in advance into a client trust account, to be withdrawn by the lawyer only as fees are earned or expenses incurred), 1.15(d) (requiring a lawyer to promptly deliver to a client any funds or property that the client is entitled to receive, and upon the client's request, to promptly render a full accounting of such funds or property), and 8.4(a) (prohibiting a lawyer from violating or attempting to violate the Rules of Professional Conduct).

{¶ 4}  The parties stipulate that mitigating factors include the absence of a prior disciplinary record, absence of a dishonest or selfish motive, a timely good-faith effort to make restitution, full and free disclosure and a cooperative attitude toward the disciplinary proceedings, and reputation of good character in the community. *See* BCGD Proc.Reg. 10(B)(2)(a), (b), (c), (d) and (e).  The parties also stipulate that there are no aggravating factors. *See* BCGD Proc.Reg. 10(B)(1).  Based upon the facts of Rucker's misconduct and the substantial mitigating factors, the parties stipulate that a public reprimand is the appropriate sanction for Rucker's misconduct.

{¶ 5}  The panel and board found that the consent-to-discipline agreement conforms to BCGD Proc.Reg. 11 and recommend that we adopt the agreement in its entirety.  We agree that Rucker violated Prof.Cond.R. 1.3, 1.4, 1.5(d)(3), 1.15(a), (c), and (d), and 8.4(a) and that this conduct warrants a public reprimand.  Therefore, we adopt the parties' consent-to-discipline agreement.

{¶ 6} Accordingly, Rucker is hereby publicly reprimanded for his violation of Prof.Cond.R. 1.3, 1.4, 1.5(d)(3), 1.15(a), (c), and (d), and 8.4(a). Costs are taxed to Rucker.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Edward L. Lavelle and Randil Rudloff, for relator.

Gilbert Robert Rucker III, pro se.

_____