AKRON BAR ASSOCIATION *v*. WHITE.

[Cite as *Akron Bar Assn. v. White,* 136 Ohio St.3d 51, 2013-Ohio-2153.]

*Attorneys—Misconduct—Failure to deposit legal fees into client trust account—*
   *Public reprimand.*

(No. 2012-2071—Submitted February 6, 2013—Decided May 30, 2013.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and

Discipline of the Supreme Court, No. 11-105.

_____

**Per Curiam**.

{¶ 1} Respondent, Daniel Scott White of Hudson, Ohio, Attorney Registration No. 0015290, was admitted to the practice of law in Ohio in 1984.

{¶ 2} In a six-count December 2011 complaint, relator, Akron Bar Association, charged White with professional misconduct in one client matter. Relator alleged that White had not provided competent representation to his client, Ray Brown, regarding the purchase of a previously owned automobile and that White had failed to properly account for fees generated in that representation. The parties initially submitted a consent-to-discipline agreement pursuant to BCGD Proc.Reg. 11. The panel of the Board of Commissioners on Grievances and Discipline assigned to hear the matter rejected the agreement.

{¶ 3} Following a hearing in which the majority of the evidence was submitted in the form of stipulations, the panel was unable to find clear and convincing evidence to support all of the charged rule violations and thus recommended dismissal of some of the violations alleged. The panel concluded that respondent violated several rules and recommended that he be publicly reprimanded, ordered to pay restitution to the client, and required to attend a seminar in law-office management. The board adopted the hearing panel's

findings of fact and conclusions of law regarding only a single violation found by the panel and dismissed the remaining alleged violations. The board also adopted the recommended sanction of a public reprimand but without the conditions recommended by the panel. On December 19, 2012, this court issued an order to show cause why the court should not confirm the board's recommendation and enter an order of discipline. No objections have been filed.

{¶ 4} Upon our independent review of the record, we adopt the board's findings of fact and conclusions of law and misconduct and agree that the appropriate sanction is a public reprimand.

**Misconduct**

{¶ 5} White's client, Brown, through a local lawyer-referral service, sought representation regarding a dispute over various repairs made to a previously owned car that had been recently purchased from a local auto dealer. Brown paid White a retainer of $450 to file suit, which White deposited into his firm operating account rather than his client trust account. Brown faxed White certain documents regarding the purchase that apparently showed that he was not the actual buyer and that he in fact had no ownership interest in, or title to, the automobile in question. The documents also showed that the vehicle was purchased "as is." White filed a complaint in county court against a dealer other than the one that was named in the documents as the seller of the vehicle. White testified at the disciplinary hearing that when he had been unable to attend a pretrial conference due to a scheduling conflict, Brown attended the conference alone after insisting that the matter not be delayed and informing White that he had been to court "a number of times." White eventually dismissed the complaint without prejudice.

{¶ 6} Relator's first three counts directly relate to the court action. Count I alleged that respondent violated Prof.Cond.R. 1.1 (requiring a lawyer to provide competent representation to a client) by filing an action with incorrect

information regarding both the plaintiff and the defendant. Count II alleged a violation of Prof.Cond.R. 1.1 for filing suit when the purchase documents clearly indicated that the car was sold "as is" and that the buyer was responsible for all repairs. Count III alleged violations of Prof.Cond.R. 1.1 and 1.3 (requiring a lawyer to act with reasonable diligence in representing a client) for not attending the pretrial hearing at which his client appeared alone.

{¶ 7} Although the panel found that Count I was proved by clear and convincing evidence, the board disagreed, finding that the faxed documents sent to White by Brown demonstrated that Brown "clearly believed that he had purchased the subject vehicle 'at Simpson Motors' based upon representations made to him by Ken Simpson," the very allegation contained in the complaint White had filed. The board thus dismissed that count. The board agreed with the panel and dismissed Count II concerning the as-is provision because White's uncontested testimony at his disciplinary hearing was that he had had success in overcoming such a provision in his career "if you have sufficient evidence of fraud." The board also, in agreement with the panel, dismissed Count III regarding White's failure to attend the pretrial hearing, based on Brown's insistence on not delaying the proceedings and Brown's assertions to White that he was comfortable with the hearing going forward in White's absence.

{¶ 8} The last three counts relate to White's handling of and accounting for the retainer. Count IV alleged a violation of Prof.Cond.R. 1.15(c) (requiring a lawyer to deposit into a client trust account legal fees and expenses that have been paid in advance) because White deposited his fee into his firm operating account rather than into his trust account. Because White did not provide to Brown a written fee agreement, relator, in Count V, alleged violations of Prof.Cond.R. 1.5(b) (requiring an attorney to communicate the nature and scope of the representation and the basis or rate of the fee and expenses within a reasonable time after commencing the representation unless the lawyer regularly represented

the client and will charge the client on the same basis as previously charged) and 1.5(d)(3) (prohibiting a lawyer from charging a flat fee without simultaneously advising the client in writing that the client may be entitled to a refund of all or part of the fee if the lawyer does not complete the representation). And in Count VI, relator alleged that because White failed to pay the referral fee to the lawyer-referral service pursuant to an executed agreement, he violated Prof.Cond.R. 1.15(d) (requiring a lawyer to promptly deliver funds or other property that the client or a third person with an interest is entitled to receive).[1]

{¶ 9} The board, as did the panel, accepted the stipulated violation regarding Count IV. The board rejected the stipulated violation regarding Count V and dismissed that count, in accordance with the panel's view that the agreement between White and Brown was not required to be in writing "because the terms of representation," as learned first at the hearing, "were clearly communicated to the client within a reasonable time after commencing representation." Although the panel found a violation of Prof.Cond.R. 1.15(d) regarding Count VI, the board dismissed that count for lack of clear and convincing evidence that the payment due the lawyer-referral service was the type of obligation to which the rule of conduct applies.

### Sanction

{¶ 10} When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties violated, the actual injury caused, the existence of any aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B), and the sanctions imposed in similar cases. *Stark Cty. Bar Assn.*

---

1. Allegations of violations of Prof.Cond.R. 8.4(a) (prohibiting a lawyer from violating or attempting to violate the Ohio Rules of Professional Conduct), (c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), (d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice), and (h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law), all additionally contained in Count VI, were withdrawn by relator at the outset of the hearing.

*v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16; *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

{¶ 11} The parties stipulated to a sanction of a public reprimand. As mitigating factors, the parties stipulated to, and the panel accepted, White's lack of prior disciplinary history, his cooperation with the investigators, and his admission of wrongdoing. *See* BCGD Proc.Reg. 10(B)(2). The panel found that no aggravating factors were present. Although the board did not directly address mitigating or aggravating factors, it adopted the panel's findings of fact and conclusions of law as to only one of the violations found by the panel—Count IV's alleged violation of Prof.Cond.R. 1.15(c).

{¶ 12} The board adopted the recommended sanction of a public reprimand, but without the conditions recommended by the panel. Neither the board nor the panel cited case law for the recommendation of a public reprimand. In *Trumbull Cty. Bar Assn. v. Rucker*, 134 Ohio St.3d 282, 2012-Ohio-5642, 981 N.E.2d 866, ¶ 5, we recently imposed a public reprimand on an attorney whose conduct, similar to White's, included a failure to deposit the client's funds in an interest-bearing client trust account. The mitigating factors in that case included lack of a prior disciplinary record, cooperation with the disciplinary investigation, absence of a dishonest or selfish motive, and restitution. *Id.* at ¶ 4.

{¶ 13} A public reprimand here is consistent with our precedent involving similar misconduct and comparable aggravating and mitigating factors. Accordingly, we accept the board's recommendation and hereby publicly reprimand Daniel Scott White for his violation of Prof.Cond.R. 1.15(c). Costs are taxed to White.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH and O'NEILL, JJ., concur.

_____

Anderson & Miller Co., L.P.A., and Harvey Miller; and Patricia A. Vance, for relator.

Haber Polk Kabat, L.L.C., and Richard C. Haber, for respondent.

_____