AKRON BAR ASSOCIATION *v.* HARSEY.

[Cite as *Akron Bar Assn. v. Harsey,* 142 Ohio St.3d 97, 2015-Ohio-965.]

(No. 2014–0961—Submitted June 25, 2014—Decided March 17, 2015.)

———————

**Per Curiam.**

{¶ 1} Respondent, Eric Jon Harsey of Cuyahoga Falls, Ohio, Attorney Registration No. 0081781, was admitted to the practice of law in Ohio in 2007.. On December 13, 2013, relator, Akron Bar Association, charged Harsey with two counts of professional misconduct in two client matters. The first count alleged that Harsey neglected a client's criminal appeal and failed to reasonably communicate with the client. The second alleged not only that he failed to adequately explain his fee to another client but also that he failed to deposit unearned fees into his client trust account.

{¶ 2} A panel of the Board of Commissioners on Grievances and Discipline [1] considered the cause on the parties' consent-to-discipline agreement. *See* BCGD Proc.Reg. 11.[2] In that agreement, Harsey stipulates that after an unsuccessful attempt to suppress dash-cam video of his client's arrest for driving under the influence, his client entered a no-contest plea and sought to appeal the suppression ruling. Harsey agreed to handle the appeal for $750 and received $200 from the client on the day that he filed the appeal. Although he claimed that he sent the client a letter requesting full payment of the quoted retainer, the client denied having received the letter.

{¶ 3} Harsey spoke to the client approximately one week after he filed the notice of appeal, but they had no further communication. Harsey failed to file a brief, and the client's appeal was dismissed. The client then retained other counsel to reopen the appeal, but his arguments on appeal were limited because Harsey had failed to ensure that the dash-cam videotape had been transmitted to the court of appeals.

{¶ 4} The parties stipulate that Harsey's conduct violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(2) (requiring a lawyer to reasonably consult with the client about the means by which the client's objectives are to be accomplished), 1.4(a)(3) (requiring a lawyer to keep the client reasonably informed about the status of a matter), and

---

1. Effective January 1, 2015, the Board of Commissioners on Grievances and Discipline has been renamed the Board of Professional Conduct. *See* Gov.Bar R. V(1)(A), 140 Ohio St.3d CII.

2. Effective January 1, 2015, Gov.Bar R. V(16), 140 Ohio St.3d CXXX, governs consent-to-discipline agreements.

1.4(a)(4) (requiring a lawyer to comply as soon as practicable with reasonable requests for information from the client).

{¶ 5} With respect to a second client, the parties stipulate that the written fee agreement, for $750, covered Harsey's representation in two civil lawsuits. It is not clear whether that fee included filing fees. Harsey claimed that he had received only $500 of the fee—$100 of which was to be allocated to the filing fee for one case—but the client produced two canceled checks that totaled $800 and allocated $200 to filing fees. The parties stipulate that Harsey placed the client's money directly into his operating account, not his client trust account, and that he could not properly account for the funds.

{¶ 6} Harsey admits that his conduct in this second client matter violated Prof.Cond.R. 1.5(b) (requiring an attorney to communicate the nature and scope of the representation and the basis or rate of the fee and expenses within a reasonable time after commencing the representation unless the lawyer regularly represented the client and charges the client on the same basis as previously charged) and 1.15(c) (requiring a lawyer to deposit advanced legal fees and expenses into a client trust account to be withdrawn by the lawyer only as fees are earned or expenses incurred).

{¶ 7} The only aggravating factor identified by the parties is that Harsey committed multiple offenses. *See* BCGD Proc.Reg. 10(B)(1)(d).[3] Mitigating factors, however, include the absence of a prior disciplinary record, the absence of a dishonest or selfish motive, Harsey's full and free disclosure to the board and his cooperative attitude toward the disciplinary proceedings, and evidence of other interim rehabilitation including his voluntary efforts to obtain mentoring in law-office management and to formalize his accounting practices and his purchase of accounting software. *See* BCGD Proc.Reg. 10(B)(2)(a), (b), (d), and (h).

{¶ 8} Based upon the stipulated misconduct and the aggravating and mitigating factors present, the parties stipulate that a public reprimand is the appropriate sanction here. In support of the recommended sanction, the parties cite four cases, three of which the board found instructive: *Disciplinary Counsel v. Dundon*, 129 Ohio St.3d 571, 2011-Ohio-4199, 954 N.E.2d 1186 (publicly reprimanding an attorney who failed to regularly communicate with his client, neglected the legal matter entrusted to him, and failed to timely respond to the client's request for a refund); *Toledo Bar Assn. v. Hetzer*, 137 Ohio St.3d 572, 2013-Ohio-5480, 2 N.E.3d 247 (publicly reprimanding an attorney who neglected a client matter, failed to deposit unearned fees into his client trust account, failed to maintain adequate records of client funds in his possession, and failed to hold

---

3. Effective January 1, 2015, the aggravating and mitigating factors set forth in BCGD Proc.Reg. 10(B)(1) and (2) are codified in Gov.Bar R. V(13), 140 Ohio St.3d CXXIV.

disputed funds in trust); and *Trumbull Co. Bar Assn. v. Rucker*, 134 Ohio St.3d 282, 2012-Ohio-5642, 981 N.E.2d 866 (publicly reprimanding an attorney who neglected a client matter, failed to reasonably communicate with the client, failed to deposit the client's funds into an interest-bearing client trust account, and charged a fee denominated as "nonrefundable" without also advising the client in writing that the client may be entitled to a refund of the fee).

{¶ 9} The panel and board found that the consent-to-discipline agreement conforms to BCGD Proc.Reg. 11 and recommend that we adopt the agreement in its entirety.

{¶ 10} We agree that Harsey violated Prof.Cond.R. 1.3, 1.4(a)(2), 1.4(a)(3), 1.4(a)(4), 1.5(b), and 1.15(c), as stated in the parties' agreement, and that this conduct warrants a public reprimand. We therefore adopt the parties' consent-to-discipline agreement. No evidence was presented to support the charges of violating Prof.Cond.R. 1.1 or 1.5(d)(3), and therefore we dismiss those charges.

{¶ 11} Accordingly, Eric Jon Harsey is hereby publicly reprimanded. Costs are taxed to Harsey.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

---

Thomas R. Houlihan, Patricia A. Vance, and Thomas P. Kot, Bar Counsel, for relator.

Elizabeth Nocera Davis, for respondent.