**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Lorain Cty. Bar Assn. v. Smith,* **Slip Opinion No. 2016-Ohio-7469.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-7469

LORAIN COUNTY BAR ASSOCIATION *v.* SMITH.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Lorain Cty. Bar Assn. v. Smith,* Slip Opinion No. 2016-Ohio-7469.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct—Public reprimand.*

(No. 2016-0539—Submitted June 1, 2016—Decided October 27, 2016.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2015-031.

————————————

**Per Curiam.**

{¶ 1} Respondent, Gerald Morton Smith of Avon Lake, Ohio, Attorney Registration No. 0008781, was admitted to the practice of law in Ohio in 1961.

{¶ 2} On May 4, 2015, relator, Lorain County Bar Association, filed an eight-count complaint against Smith with the Board of Professional Conduct. In the complaint, relator alleged that Smith violated the Rules of Professional Conduct

in his representation of a single client by charging a clearly excessive fee, failing to deposit the fee into his client trust account, failing to advise the client that he might be entitled to a refund of all or part of the fee if it was not earned, failing to maintain required trust-account records, and representing to the client that he could improperly influence government officials to achieve a favorable resolution of the client's criminal matter. The parties entered into stipulations of fact and misconduct, stipulating to some but not all of the charged offenses.

{¶ 3} After conducting a hearing, a panel of the board issued a report in which it found that the stipulated violations were proven by clear and convincing evidence, dismissed an additional alleged violation on relator's motion, and unanimously dismissed the remaining allegations based on the insufficiency of the evidence. *See* Gov.Bar R. V(12)(G). The panel recommended that Smith be publicly reprimanded for his misconduct. The board adopted the findings of fact, conclusions of law, and recommendation of the panel. There are no objections to the board's findings or recommendation. We adopt the board's report in its entirety and publicly reprimand Smith for the conduct described below.

**Misconduct**

{¶ 4} On or about March 13, 2008, Robert Gonzalez Jr. requested that Smith represent his father, Robert Gonzalez, in a criminal matter. Smith informed Gonzalez Jr. that he would accept the representation and that his fee would be $25,000. An associate in Smith's firm appeared in the Oberlin Municipal Court on behalf of Gonzalez. Gonzalez Jr. paid Smith $10,000 on March 14, 2008, and paid him an additional $15,000 four days later.

{¶ 5} Gonzalez was indicted on April 9, 2008, on a number of serious offenses, including kidnapping and abduction with firearm specifications, and faced a possible sentence of more than 32 years in prison if convicted on all counts.

{¶ 6} Upon reviewing the charges and the facts of the case after Gonzalez's arraignment, Smith told him that he would require an additional $50,000 to

represent him—of which Gonzalez Jr. paid $45,000. The fact that Smith never entered into a written fee contract with Gonzalez created uncertainty regarding the nature of the fees, which Smith described variously in his testimony as a flat fee, a retainer, or a retainer until a flat fee could be set. It is clear, however, that no portion of the $70,000 fee was ever deposited into Smith's client trust account and that Smith failed to advise Gonzalez in writing that if the entire fee was not earned, he might be entitled to a refund of some or all of the fee. In addition, Smith failed to maintain records, bank accounts, and bank statements and failed to retain monthly reconciliations for Gonzales that would have demonstrated the manner in which he handled client funds.

{¶ 7} On April 21, 2008, Gonzalez was released on bond. In December 2008, he pleaded guilty to the charged offenses—with the exception of a charge for violating a protection order, which was dismissed. In March 2009, he was sentenced to two years in prison on the kidnapping charge and a three-year consecutive sentence for the firearm specification. Gonzalez was eligible for judicial release in just three and a half years, and despite the state's opposition, he was released from prison in November 2012. The board found that there was little question that Smith provided Gonzalez with very effective assistance of counsel.

{¶ 8} The board also found that regardless of how Smith characterized his fee, his handling of the funds violated several Rules of Professional Conduct, and it therefore accepted Smith's stipulation that he violated Prof.Cond.R. 1.5(d)(3) (prohibiting a lawyer from charging a fee denominated as "earned upon receipt," "nonrefundable," or in any similar terms without simultaneously advising the client in writing that the client may be entitled to a refund of all or part of the fee if the lawyer does not complete the representation), 1.15(c) (requiring a lawyer to deposit advance legal fees and expenses into a client trust account, to be withdrawn by the lawyer only as fees are earned or expenses incurred), and 1.15(a)(1) through (5) (requiring a lawyer to hold funds belonging to a client or third party in a client trust

account separate from his own property and to maintain certain records regarding the funds held in that account and certain bank records, as well as to perform and retain a monthly reconciliation of the account).

{¶ 9} We adopt the board's findings of fact and misconduct.

**Sanction**

{¶ 10} When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 11} The parties stipulated and the board found as relevant mitigating factors the absence of a prior disciplinary record in Smith's more than 50-year legal career, the absence of a dishonest or selfish motive, his full and free disclosure to the board and cooperative attitude during the course of the disciplinary proceedings, and evidence of his good reputation apart from the charged misconduct. *See* Gov.Bar R. V(13)(C)(1), (2), (4), and (5). The only aggravating factor present is that Smith engaged in multiple offenses. *See* Gov.Bar R. V(B)(4).

{¶ 12} The board recommends that we publicly reprimand Smith for his misconduct. In support of that recommendation, the board cites *Akron Bar Assn. v. White*, 136 Ohio St.3d 51, 2013-Ohio-2153, 989 N.E.2d 1013 (publicly reprimanding a lawyer with no prior disciplinary record who deposited a client retainer in his firm's operating account rather than his client trust account), and *Trumbull Cty. Bar Assn. v. Rucker*, 134 Ohio St.3d 282, 2012-Ohio-5642, 981 N.E.2d 866 (publicly reprimanding a lawyer with no prior disciplinary record who failed to hold client property in an interest-bearing client trust account separate from the lawyer's own property, failed to advise the client that the client may be entitled to a refund of all or part of a "nonrefundable" fee if the lawyer did not complete the representation, failed to promptly deliver funds or property that a

4

client was entitled to receive, neglected the client's legal matter, and failed to reasonably communicate with the client).

{¶ 13} Having thoroughly reviewed the board's findings of fact and conclusions of law, the applicable aggravating and mitigating factors, and the sanctions we have imposed for comparable misconduct, we adopt the board's findings of fact and misconduct and agree that a public reprimand is the appropriate sanction in this case.

{¶ 14} Accordingly, Gerald Morton Smith is publicly reprimanded for the misconduct described above. Costs are taxed to Smith.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

D. Chris Cook, for relator.

Gallagher Sharp, Monica A. Sansalone, and Matthew T. Norman, for respondent.

_____