Per Curiam.
{¶ 1} Respondent, Carly L. Snavely of Chagrin Falls, Ohio, Attorney Registration No. 0081569, was admitted to the practice of law in Ohio in 2007. Relator, Geauga County Bar Association, charged her with violating the Rules of Professional Conduct based on her actions in two client matters and for her own illegal activity. The parties entered into a consent-to-discipline agreement, in which they stipulate that Snavely engaged in the charged misconduct and recommend that we suspend her for two years, with 18 months stayed. The Board of Professional Conduct determined that the agreement conforms to the requirements of Gov.Bar R. V(16) and recommends that we adopt it in its entirety.
{¶ 2} Upon review of the record, we accept the board’s recommendation and adopt the parties’ consent-to-discipline agreement.
Misconduct
{¶ 3} The parties stipulate that after graduating from law school, Snavely worked as a public defender in Florida from 2007 to 2008 and then as an assistant prosecuting attorney in the Geauga County prosecutor’s office from 2008 to 2011. Since then, she has worked as a solo practitioner.
{¶ 4} In February 2013, William Russell hired Snavely to defend him in a criminal case and later paid her a retainer pursuant to a written fee agreement. At that time, however, Snavely did not maintain a client trust account or know how to properly use one. Nor did she have professional liability insurance or obtain written notification from Russell acknowledging that he was aware that she lacked malpractice insurance. In March 2013, Alex Fisher retained her to defend him in a criminal case, but Snavely also failed to notify him that she lacked malpractice insurance. Fisher’s mother paid Snavely a portion of an agreed-upon flat fee, but Snavely failed to deposit the money into a client trust account or inform her client that he might be entitled to a refund of all or a part of the flat fee if she did not complete the representation.
{¶ 5} In June 2013, Snavely was involved in an incident that led to the filing of criminal drug, charges against her. In July 2013, she was admitted to an inpatient treatment program for a heroin addiction, and after completing the inpatient program, she underwent several weeks of intensive outpatient treatment. In November 2013, she pled guilty to a fifth-degree felony for heroin possession relating to the June incident. The trial judge granted intervention in *303 lieu of conviction and placed her on community-control sanctions for two years. Nearly one year early, in December 2014, the judge found that she had complied with the conditions of her community control and dismissed the case.
{¶ 6} In the meantime, Russell filed a grievance against Snavely, claiming that because of her drug addiction and treatment, he had been forced to retain other counsel to represent him. Snavely later acknowledged that although both Russell and Fisher ultimately obtained substitute counsel, she was unaware of— and therefore failed to comply with—the appropriate procedures for withdrawing from representation of a client.
{¶ 7} The parties stipulate that Snavely has not used illegal drugs since January 11, 2014, that she is in full compliance with her contract with the Ohio Lawyers Assistance Program (“OLAP”), and that she has actively participated in recovery programs. Additionally, after becoming clean, she made restitution to Russell in the amount of $3,500 and to Fisher’s mother in the amount of $2,650.
{¶ 8} The parties also stipulate that although Snavely has no memory of doing so, she forged Russell’s signature on a legal-malpractice-waiver form. As a result, Snavely was charged with forgery in May 2015. She ultimately pled guilty to a first-degree misdemeanor for attempted forgery and served three days in jail.
{¶ 9} Based on this conduct, the parties stipulate that Snavely violated Prof. Cond.R. 1.4(c) (requiring a lawyer to inform the client on a separate written form that the lawyer does not maintain professional liability insurance and requiring the client to sign the form), 1.5(d)(3) (prohibiting a lawyer from charging a flat fee without simultaneously advising the client in writing that the client may be entitled to a refund of all or part of the fee if the lawyer does not complete the representation), 1.15(a) (requiring a lawyer to hold property of clients in an interest-bearing client trust account, separate from the lawyer’s own property), 1.15(c) (requiring a lawyer to deposit advance legal fees and expenses into a client trust account, to be withdrawn by the lawyer only as fees are earned or expenses incurred), 1.15(e) (requiring a lawyer to promptly distribute all portions of client funds that are held in trust), 1.16(a) (requiring a lawyer to withdraw from representation when the lawyer’s physical or mental condition materially impairs the lawyer’s ability to represent the client), 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer’s honesty or trustworthiness), and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer’s fitness to practice law).
{¶ 10} We agree that Snavely engaged in this misconduct.
Sanction
{¶ 11} When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties that the lawyer violated, the aggrava *304 ting and mitigating factors, and the sanctions imposed in similar cases. See Gov.Bar R. V(13)(A).

Aggravating and mitigating factors

{¶ 12} As an aggravating factor, the parties stipulate that Snavely acted with a selfish or dishonest motive in falsifying Russell’s name on a legal document. See Gov.Bar R. V(13)(B)(2).
{¶ 13} In mitigation, the parties agree that Snavely has no prior discipline, made timely and good-faith restitution, and is well respected in the local legal and drug-recovery communities. See Gov.Bar R. V(13)(C)(1), (3), and (5). In addition, the parties agree that Snavely has served other penalties for her misconduct—namely, community control for the drug-possession charge and the jail sentence for her attempted-forgery conviction—and that she has made other attempts at interim rehabilitation, including hiring a legal-ethics expert to provide her one-on-one training in the areas of fee agreements, client trust accounts, and withdrawing from client matters. See Gov.Bar R. V(13)(C)(6) and (8). Indeed, the parties stipulate that with the assistance of her counsel, she is compliant with the dictates of Prof.Cond.R. 1.4(c), 1.5, 1.15, and 1.16.
{¶ 14} Finally, the parties stipulate that Snavely’s addiction qualifies as a mitigating factor under Gov.Bar R. V(13)(C)(7). A chemical-dependency counsel- or diagnosed Snavely with a severe substance-abuse disorder; the disorder contributed to her professional misconduct; she has successfully completed inpatient, outpatient, and aftercare treatment and continues to be monitored by OLAP; and her counselor concludes that she is currently capable of engaging in the competent and ethical practice of law.

Applicable precedent

{¶ 15} To support their recommended sanction, the parties cite a series of cases in which we imposed two-year suspensions with 18 months conditionally stayed on attorneys who engaged in misconduct while impaired by an addiction but who ultimately demonstrated a sustained period of sobriety after treatment.
{¶ 16} For example, in Toledo Bar Assn. v. Shousher, 112 Ohio St.3d 533, 2007-Ohio-611, 861 N.E.2d 536, the attorney accepted retainers and then failed to perform the work in numerous cases, failed to deposit the retainers into his client trust account, and faded to notify his clients that he lacked malpractice insurance. In addition, he pled guilty to forgery and identity theft for completing credit-card applications in his ex-wife’s name without her authorization, and he admitted to writing a series of dishonored checks. In mitigation, he had no prior discipline, made full restitution to each former client, and cooperated in the disciplinary process. In addition, he participated in various treatment and recovery programs for addictions to alcohol and prescription drugs and had remained sober *305 for over two years. We suspended him for two years but stayed 18 months on conditions, including that he maintain compliance with his OLAP contract. Id. at ¶ 36. See also Disciplinary Counsel v. Hoppel, 129 Ohio St.3d 53, 2011-Ohio-2672, 950 N.E.2d 171 (attorney suspended for two years with 18 months stayed for, among other things, accepting over $14,000 from clients to represent them but failing to perform the work and instead spending their money on his cocaine addiction; mitigating factors included full restitution to each client, a cooperative attitude in the disciplinary process, successful completion of inpatient and outpatient treatment programs for his chemical dependency, and a one-and-a-half-year period of sobriety); Cincinnati Bar Assn. v. Washington, 109 Ohio St.3d 308, 2006-Ohio-2423, 847 N.E.2d 435 (attorney suspended for two years with 18 months stayed on conditions for similar misconduct emanating from a diagnosed cocaine and alcohol dependency; mitigating factors included successful completion of treatment programs and a sustained period of sobriety).
{¶ 17} The board reviewed the cases cited by the parties and agreed with their recommended sanction. We also agree that Shousher, Hoppel, and Washington are relevant precedents and that a similar sanction is therefore warranted in this case.
Conclusion
{¶ 18} For the reasons explained above, we accept the parties’ consent-to-discipline agreement. Carly L. Snavely is hereby suspended from the practice of law for two years, with the final 18 months stayed on the conditions that she continue to comply with her OLAP contract and refrain from engaging in any further misconduct. If Snavely fails to comply with these conditions, the stay will be lifted and she will serve the entire two-year suspension. It is further ordered that as a condition of reinstatement, she must demonstrate compliance with her OLAP contract. Costs are taxed to Snavely.
Judgment accordingly.
O’Connor, C.J., and Pfeifer, Lanzinger, French, and O’Neill, JJ., concur.
O’Donnell, J., dissents, with an opinion joined by Kennedy, J.