**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Warren Cty. Bar Assn. v. Ernst,* **Slip Opinion No. 2018-Ohio-3900.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-3900

WARREN COUNTY BAR ASSOCIATION *v.* ERNST.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Warren Cty. Bar Assn. v. Ernst,* **Slip Opinion No. 2018-Ohio-3900.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct, including failing to act with reasonable diligence in representing a client— Public reprimand.*

(No. 2018-0256—Submitted February 27, 2018—Decided September 27, 2018.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2017-043.

_____

**Per Curiam.**

{¶ 1} Respondent, David Edward Ernst, of Lebanon, Ohio, Attorney Registration No. 0029675, was admitted to the practice of law in Ohio in 1985.

{¶ 2} In a formal complaint certified to the Board of Professional Conduct on September 14, 2017, relator, Warren County Bar Association, charged Ernst

with several ethical violations based on his neglect of a client's legal matter, failure to reasonably communicate with the client, and failure to deposit the client's retainer into his client trust account. A panel of the board considered the cause on the parties' consent-to-discipline agreement. *See* Gov.Bar R. V(16).

{¶ 3} The parties stipulated that in February 2013, Ernst's personal friend and client, Joshua Berry—an Army veteran who suffered from posttraumatic stress disorder—took his own life. Later that month, Joshua's father, Howard Berry, retained Ernst to settle Joshua's estate and paid a retainer of $2,500 by check.

{¶ 4} After learning that Joshua had a life-insurance policy and that Joshua's daughter was the named beneficiary, Howard asked Ernst to establish a trust to preserve the proceeds for Howard's granddaughter. Ernst took no action to file a claim for the insurance proceeds and took little action to settle Joshua's estate. Over a four-year period, Ernst prepared some probate forms and had Howard execute them, but no estate was ever opened. Throughout this time, Howard had contacted Ernst by telephone and e-mail on multiple occasions inquiring into the status of the estate and requesting that some action be taken. Although Howard requested weekly status updates, Ernst did not provide them.

{¶ 5} In January 2017, Howard terminated Ernst's representation and demanded a refund of his $2,500 retainer. When Ernst refunded the retainer in full, he discovered that he had mistakenly deposited the retainer check into his operating account instead of his client trust account. Moreover, Ernst had given Howard only one billing statement, dated January 26, 2017, which stated that Ernst had completed 10.65 hours of legal services.

{¶ 6} After the error regarding the erroneous deposit came to light, and given the concerns about the lack of billing statements, Ernst has purchased and implemented new software to automate his trust-account bookkeeping. He has also engaged his law firm's accountant to inspect the trust-account records, ensure that

the appropriate funds are present in the trust account, and verify that the records are properly entered into the new software program.

{¶ 7} The parties agree that Ernst's conduct violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(2), (3), and (4) (requiring a lawyer to reasonably consult with the client about the means by which the client's objectives are to be accomplished, to keep the client reasonably informed about the status of a matter, and to comply as soon as practicable with reasonable requests for information from the client), and 1.15(c) (requiring a lawyer to deposit into a client trust account legal fees and expenses that have been paid in advance). They also agree that the remaining alleged violations should be dismissed.

{¶ 8} The parties stipulated that no aggravating factors are present and that mitigating factors include the absence of prior discipline, the absence of a selfish or dishonest motive, Ernst's timely, good-faith effort to make restitution, his full and free disclosure and cooperative attitude toward the disciplinary proceeding, and evidence of his good character and reputation. *See* Gov.Bar R. V(13)(B) and (C)(1) through (5).

{¶ 9} The board recommends that we adopt the parties' consent-to-discipline agreement and publicly reprimand Ernst for his misconduct. In support of that recommendation, the board notes that we have imposed public reprimands for similar misconduct in *Akron Bar Assn. v. Harsey*, 142 Ohio St.3d 97, 2015-Ohio-965, 28 N.E.3d 86; *Trumbull Cty. Bar Assn. v. Rucker*, 134 Ohio St.3d 282, 2012-Ohio-5642, 981 N.E.2d 866; and *Disciplinary Counsel v. Dundon*, 129 Ohio St.3d 571, 2011-Ohio-4199, 954 N.E.2d 1186.

{¶ 10} Based on the foregoing, we agree that Ernst's conduct violated Prof.Cond.R. 1.3, 1.4, and 1.15(c) and that a public reprimand is the appropriate sanction for that misconduct. We therefore adopt the parties' consent-to-discipline agreement.

{¶ 11} Accordingly, David Edward Ernst is publicly reprimanded. Costs are taxed to Ernst.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, and DEGENARO, JJ., concur.

DEWINE, J., not participating.

_____

Kenneth E. Peller and Keith W. Anderson, for relator.

Montgomery, Rennie & Jonson, L.P.A., and George D. Jonson, for respondent.

_____