[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Lorain Cty. Bar Assn. v. Vagotis*, Slip Opinion No. 2021-Ohio-806.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-806

LORAIN COUNTY BAR ASSOCIATION *v*. VAGOTIS.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Lorain Cty. Bar Assn. v. Vagotis*, Slip Opinion No. 2021-Ohio-806.]

*Attorneys—Misconduct—Failure to advise a client in writing that client may be entitled to refund of fee denominated as "earned upon receipt" if the lawyer does not complete representation—Failure to disclose to client attorney's failure to carry professional-liability insurance—Failure to hold client's property in an interest-bearing client trust account—Failure to hold legal fees paid in advance in a client trust account—Public reprimand.*

(No. 2020-1193—Submitted January 27, 2021—Decided March 18, 2021.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2020-016.

_____

**Per Curiam.**

{¶ 1} Respondent, Christina Nicole Vagotis, of Elyria, Ohio, Attorney Registration No. 0096246, was admitted to the practice of law in Ohio in 2017.

{¶ 2} In a March 26, 2020 complaint, relator, Lorain County Bar Association, alleged that Vagotis violated multiple ethical rules while handling a single probate matter. The parties submitted stipulations of fact, including misconduct, and aggravating and mitigating factors, and relator agreed to dismiss several alleged rule violations. The parties agreed that a six-month stayed suspension was the appropriate sanction for Vagotis's misconduct.

{¶ 3} After a hearing, a three-member panel of the Board of Professional Conduct issued a report in which it found that Vagotis committed four of the seven stipulated rule violations, unanimously dismissed three others based on the insufficiency of the evidence, and recommended that Vagotis be publicly reprimanded for her misconduct. The board adopted the panel's report in its entirety. Although relator initially objected to the board's dismissal of two of the alleged rule violations, it later moved to withdraw those objections and we granted that motion.

{¶ 4} After reviewing the record in this case, we adopt the board's findings of misconduct and recommended sanction and publicly reprimand Vagotis for the misconduct described herein.

**Stipulated Facts and Misconduct**

{¶ 5} In March 2018, ten months after Vagotis was admitted to the practice of law, Troy Hill retained her to probate his late father's estate. Vagotis proposed a flat fee of $2,500, with a down payment of $500 and five monthly payments of $400. The engagement letter that Vagotis presented to Hill did not inform him that Vagotis considered the fee to be earned upon receipt or that he could be entitled to a full or partial refund if she did not complete the work. Hill signed the engagement letter and returned it to Vagotis with a $500 check, but

Vagotis never negotiated that check. Hill later made three $400 payments, and Vagotis deposited those checks into her operating account. Although Vagotis's professional-liability-insurance coverage lapsed during the representation, she did not inform Hill of that fact.

{¶ 6} Vagotis communicated with Hill on multiple occasions and performed some work on the estate. She and Hill discussed the best course of action for disposing of the decedent's home and vehicles, and Vagotis offered to assist Hill with the foreclosure proceeding against the decedent's home. Vagotis reviewed documents pertaining to the estate and prepared several rough drafts of the probate forms—though she did not file the documents with the court, because she was waiting for Hill's sisters to return signed waivers of their right to administer the estate. On April 19, 2019, Vagotis wrote to Hill to inform him that she would terminate the representation if she did not receive the documents by May 1, but at Vagotis's disciplinary hearing, Hill testified that he did not receive the letter. After Vagotis failed to respond to a couple of his text messages, Hill filed a grievance with relator.

{¶ 7} The board found that Vagotis's conduct violated Prof.Cond.R. 1.5(d)(3) (prohibiting a lawyer from charging a fee denominated as "earned upon receipt," or "nonrefundable," or in any similar terms without simultaneously advising the client in writing that the client may be entitled to a refund of all or part of the fee if the lawyer does not complete the representation), 1.4(c) (requiring a lawyer to inform the client if the lawyer does not maintain professional-liability insurance and obtain a signed acknowledgment of that notice from the client), 1.15(a) (requiring a lawyer to hold the property of clients in an interest-bearing client trust account, separate from the lawyer's own property), and 1.15(c) (requiring a lawyer to deposit into a client trust account legal fees and expenses that have been paid in advance). We adopt these findings of misconduct.

**Sanction**

{¶ 8} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 9} The parties stipulated and the board found that the sole aggravating factor present in this case is that Vagotis committed multiple offenses, Gov.Bar R. V(13)(B)(4), though they all arose from a single undertaking. As for mitigating factors, the parties stipulated and the board found that Vagotis had no prior discipline, did not act with a dishonest or selfish motive, voluntarily made restitution of the entire fee notwithstanding the fact that she had performed a significant amount of work for the client, and exhibited a cooperative attitude toward the disciplinary proceedings. Gov.Bar R. V(13)(C)(1) through (4). In addition, the panel was strongly influenced by Vagotis's testimony regarding her sincere effort to pursue Hill's legal matter, despite her lack of probate experience.

{¶ 10} The parties stipulated that a conditionally stayed six-month suspension was the appropriate sanction for Vagotis's misconduct. The board, however, determined that a public reprimand was more appropriate, given its unanimous dismissal of multiple alleged rule violations.

{¶ 11} In support of that sanction, the board cites four cases in which we publicly reprimanded attorneys for misconduct comparable to that of Vagotis. *See Warren Cty. Bar Assn. v. Ernst*, 154 Ohio St.3d 131, 2018-Ohio-3900, 111 N.E.3d 1179 (attorney failed to act with reasonable diligence, failed to reasonably communicate with the client, and failed to deposit the retainer into his client trust account); *Lorain Cty. Bar Assn. v. Smith*, 147 Ohio St.3d 419, 2016-Ohio-7469, 66 N.E.3d 731 (attorney failed to advise the client in writing that he could be entitled to a refund of all or part of his flat fee if the attorney did not complete the representation, failed to deposit the unearned fee into his client trust account, and

failed to maintain required records regarding the funds held in that account); *Akron Bar Assn. v. Harsey*, 142 Ohio St.3d 97, 2015-Ohio-965, 28 N.E.3d 86 (attorney neglected a criminal appeal and failed to reasonably communicate with the client, failed to communicate the nature and scope of his representation and the basis or rate of the fee to another client, and failed to deposit unearned fees into his client trust account); *Trumbull Cty. Bar Assn. v. Rucker*, 134 Ohio St.3d 282, 2012-Ohio-5642, 981 N.E.2d 866 (attorney failed to act with reasonable diligence, improperly charged a nonrefundable fee, and failed to deposit unearned client funds into a client trust account).

{¶ 12} Having thoroughly reviewed the board's findings of fact and conclusions of law, the applicable aggravating and mitigating factors, and the sanctions we have imposed for comparable misconduct, we agree that a public reprimand is the appropriate sanction in this case.

## Conclusion

{¶ 13} Accordingly, Christina Nicole Vagotis is publicly reprimanded for her misconduct. Costs are taxed to Vagotis.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

O'Toole, McLaughlin, Dooley & Pecora Co., L.P.A., Matthew A. Dooley, and Michael R. Briach, for relator.

Christina Nicole Vagotis, pro se.

_____