**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Lorain Cty. Bar Assn. v. Walton*, **Slip Opinion No. 2024-Ohio-4975.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-4975

LORAIN COUNTY BAR ASSOCIATION *v*. WALTON.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Lorain Cty. Bar Assn. v. Walton*, Slip Opinion No. 2024-Ohio-4975.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct, including failing to inform client of potential entitlement to refund of fees paid if representation not completed, failing to inform client of lack of professional-liability insurance, and failing to deposit advance legal fees in client trust account and to withdraw those fees only as earned or expenses incurred—Eighteen-month suspension fully stayed on conditions, to commence after attorney's license has been restored to active status from current suspension.*

(No. 2024-1107—Submitted September 3, 2024—Decided October 17, 2024.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2023-036.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, and DETERS, JJ. BRUNNER, J., did not participate.

**Per Curiam.**

{¶ 1} Respondent, Gerald Robert Walton, of Twinsburg, Ohio, Attorney Registration No. 0003914, was admitted to the practice of law in Ohio in 1980.

{¶ 2} On October 27, 2016, we imposed a conditionally stayed six-month suspension on Walton based on his failure to respond to two letters of inquiry and a subpoena compelling his deposition following two overdrafts of his client trust account. *Disciplinary Counsel v. Walton*, 2016-Ohio-7468, ¶ 1, 9. In October 2021, this court issued a monetary sanction against Walton in the amount of $225 for not completing the continuing-education hours required by Gov.Bar R. X(3), *see* 2021-Ohio-3654, but he paid that sanction by the due date. Walton has not registered as an active attorney for the 2023/2024 biennium as required by Gov.Bar R. VI(2)(A). And on October 19, 2023, we suspended his license and imposed a monetary sanction of $300 on him for failing to comply with the CLE requirements of Gov.Bar R. X. *See* 2023-Ohio-3804. That suspension remains in effect and the $300 monetary sanction has not been paid.

{¶ 3} In an October 2023 complaint, relator, Lorain County Bar Association, charged Walton with five ethical violations arising from his representation of a husband and wife in a civil matter. Walton admitted most of the allegations in his answer to relator's complaint. The parties entered into stipulations of fact, misconduct, and aggravating and mitigating factors, and relator sought to dismiss one alleged rule violation. The parties stipulated that a conditionally stayed 18-month suspension is the appropriate sanction for Walton's misconduct. In addition, the parties filed a joint motion to waive a formal hearing, given Walton's significant health conditions. The chair of the panel of the Board of Professional Conduct appointed to hear the matter granted that motion, and the

panel unanimously dismissed the allegation that Walton had failed to diligently represent his clients.

**{¶ 4}** The panel issued a report finding that Walton had failed to (1) advise his clients that they may be entitled to a refund of the agreed-upon flat fee if he did not complete the work, (2) deposit the clients' advance payment into his client trust account, and (3) advise the clients that he did not maintain professional-liability insurance. The panel recommended that Walton be suspended from the practice of law for 18 months with the entire suspension stayed on the conditions that he commits no further misconduct and serves a one-year period of monitored probation focused on law-practice management and client-trust-account compliance. In addition, the panel recommended that Walton's suspension not take effect until he is reinstated from his existing suspension and he registers for active status with the Supreme Court's Office of Attorney Services.

**{¶ 5}** The board adopted the panel's findings of fact, conclusions of law, and recommended sanction. After independently reviewing the record and our precedent, we adopt the board's findings of misconduct and recommended sanction.

## MISCONDUCT

**{¶ 6}** According to Walton's answer to the complaint and the parties' stipulations, Linda Bilow, a longtime client of Walton's, asked Walton to represent her and her husband in a matter involving a roofing company. Walton admitted that he sent Bilow a letter of engagement requesting a $1,500 "non-refundable retainer." However, the letter of engagement did not inform Bilow that she may be entitled to a refund of all or part of that fee if Walton did not complete the representation, as required by Prof.Cond.R. 1.5(d)(3) (prohibiting a lawyer from charging a fee denominated as "earned upon receipt" or "nonrefundable" or using any similar terms without simultaneously advising the client in writing that the client may be entitled to a refund of all or part of the fee if the lawyer does not

complete the representation). Walton also admitted that he failed to inform Bilow that he did not maintain professional-liability insurance, as required by Prof.Cond.R. 1.4(c) (requiring a lawyer to inform a client if the lawyer does not maintain professional-liability insurance and to obtain a signed acknowledgment of that notice from the client).

**{¶ 7}** In addition, Walton admitted that he failed to deposit Bilow's fee into his client trust account, in violation of Prof.Cond.R. 1.15(a) (requiring a lawyer to hold the property of clients in an interest-bearing client trust account, separately from the lawyer's own property) and 1.15(c) (requiring a lawyer to deposit advance legal fees and expenses into a client trust account, to be withdrawn by the lawyer only as fees are earned or expenses incurred).

**{¶ 8}** The panel and board found by clear and convincing evidence that Walton violated Prof.Cond.R. 1.4(c), 1.5(d)(3), 1.15(a), and 1.15(c). We adopt the board's findings of misconduct.

## RECOMMENDED SANCTION

**{¶ 9}** When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

**{¶ 10}** The parties stipulated and the board found that two aggravating factors are present in this case—Walton has a history of prior discipline and he committed multiple offenses. *See* Gov.Bar R. V(13)(B)(1) and (4). As for mitigating factors, the parties stipulated and the board found that Walton did not act with a selfish or dishonest motive and that he made full and free disclosure and exhibited a cooperative attitude toward the disciplinary proceedings. *See* Gov.Bar R. V(13)(C)(2) and (4).

**{¶ 11}** The parties stipulated that the appropriate sanction for Walton's misconduct is a conditionally stayed 18-month suspension. In support of that

sanction, the parties cited three cases in which we imposed sanctions for similar misconduct—two in which we imposed two-year suspensions with 18 months conditionally stayed, *see Geauga Cty. Bar Assn. v. Snavely*, 2016-Ohio-7829, ¶ 18; *Lorain Cty. Bar Assn. v. Nelson*, 2017-Ohio-8856, ¶ 24, and a third in which we imposed a conditionally stayed six-month suspension, *see Cincinnati Bar Assn. v. Jackson*, 2019-Ohio-4203, ¶ 15.

{¶ 12} In the first case cited by the parties, Snavely engaged in misconduct similar to Walton's by (1) failing to inform two clients that she did not carry legal-malpractice insurance, (2) accepting a flat fee from a client without informing the client that he may be entitled to a refund of all or part of the fee if Snavely did not complete the representation, (3) failing to deposit that fee into a client trust account, (4) failing to maintain a client trust account, and (5) lacking knowledge about how to properly use a client trust account. Snavely also engaged in significant additional misconduct that is not present in this case: she pleaded guilty to a first-degree misdemeanor count of attempted forgery for forging one client's signature on a legal-malpractice-waiver form, and she was admitted to an inpatient treatment program for heroin addiction and pleaded guilty to a fifth-degree felony count of possessing heroin, for which she was granted intervention in lieu of conviction. Although her addiction impaired her ability to represent two of her clients, Snavely failed to withdraw from the representations and failed to promptly refund to one client an unearned fee. In the presence of just one aggravating factor and five mitigating factors, we suspended Snavely for two years with 18 months stayed on conditions. *Snavely* at ¶ 12-13, 18.

{¶ 13} In the second case cited by the parties, Nelson failed to advise a client that he may be entitled to a refund of all or a portion of the flat fee he charged and considered earned on receipt, failed to deposit an unearned fee into his client trust account, failed to maintain required client-trust-account records, and failed to notify a client that he lacked malpractice insurance—all acts of misconduct similar

to Walton's. But Nelson also failed to promptly refund an unearned fee to a client and failed to cooperate in the resulting disciplinary investigation. Nelson lacked a selfish motive, submitted some evidence of his good character and reputation, and acknowledged some of his misconduct. *Nelson* at ¶ 16. However, Nelson had previously been publicly reprimanded for violating one of the same professional-conduct rules as Walton and failed to implement the procedures necessary to ensure compliance with that rule. *See id.* at ¶ 22-23. We concluded that an actual suspension was necessary to protect the public and therefore suspended Nelson for two years with 18 months stayed on conditions. *Id.* at ¶ 23-24.

{¶ 14} Unlike Nelson, Walton fully complied with relator's investigation in this case and admitted to his misconduct. And while Walton has previously been disciplined by this court, his previous sanctions were for conduct that bears no resemblance to the conduct at issue in his present case.

{¶ 15} Finally, in the third case cited by the parties, Jackson failed to deposit an unearned fee into his client trust account and failed to maintain required client-trust-account records. He also failed to inform two other clients that he did not maintain professional-liability insurance, failed to inform a chiropractor who had treated those clients that he had received the clients' settlement proceeds, and failed to pay the healthcare provider from those proceeds as agreed. Furthermore, he failed to prepare closing statements detailing the distribution of the clients' settlement funds. Although Jackson engaged in a pattern of misconduct involving multiple offenses, he cooperated in the disciplinary proceedings, presented evidence of his good character and reputation, and made a timely, good-faith effort to make restitution to one of the clients and to the chiropractor. *Jackson*, 2019-Ohio-4203, at ¶ 11. And in contrast to Walton, he had a clean disciplinary record. We imposed a conditionally stayed six-month suspension for Jackson's misconduct. *Id.* at ¶ 15.

**{¶ 16}** The board also considered three other cases in which we either publicly reprimanded or imposed a conditionally stayed six-month suspension on attorneys who failed to advise individual clients in writing that they could be entitled to a refund of all or part of their "flat" or "nonrefundable" fee if the attorney did not complete their representation. *See Lorain Cty. Bar Assn. v. Vagotis*, 2021-Ohio-806, ¶ 5; *Dayton Bar Assn. v. Strahorn*, 2017-Ohio-9204, ¶ 2, ¶ 19; *Lorain Cty. Bar Assn. v. Smith*, 2016-Ohio-7469, ¶ 6. Like Walton, some of those attorneys failed to deposit any portion of their client's fee into a client trust account, *see Vagotis* at ¶ 5; *Smith* at ¶ 6, and/or failed to properly inform their clients that they did not carry professional-liability insurance, *see Vagotis* at ¶ 5; *Strahorn* at ¶ 5. The attorneys in *Smith*, *Vagotis*, and *Strahorn* each failed to advise their clients in writing that if the entire fee was not earned, the client may be entitled to a refund of some or all of the fee. *Smith* at ¶6; *Vagotis* at ¶5; *Strahorn* at ¶5. In addition, one of those attorneys failed to act with reasonable diligence and promptness in representing his client. *See Strahorn* at ¶ 9. In *Vagotis* and *Smith*, we publicly reprimanded the attorneys for their misconduct, *Vagotis* at ¶ 13; *Smith* at ¶ 14, but in *Strahorn*, we imposed a conditionally stayed six-month suspension, *Strahorn* at ¶ 19. But none of those attorneys had a history of prior discipline, as Walton does here. *See Vagotis* at ¶ 9; *Strahorn* at ¶ 12; *Smith* at ¶ 11.

**{¶ 17}** Given the nature of Walton's misconduct and his incidents of prior discipline, the board recommends that Walton be suspended from the practice of law for 18 months with the suspension fully stayed on the conditions that he completes a one-year term of monitored probation pursuant to Gov.Bar R. V(21) focused on law-practice and client-trust-account management and commits no further misconduct.

**{¶ 18}** Having reviewed the record and our precedent, we find that this—Walton's most recent incident of misconduct—warrants a sanction greater than the conditionally stayed six-month suspensions we imposed in *Jackson* and *Strahorn*,

much less the public reprimands issued in *Vagotis* and *Smith*. We also find that Walton's misconduct is not quite as egregious as the misconduct that was at issue in *Snavely*, which included the commission of two criminal offenses, or the misconduct that was at issue in *Nelson*, which included the failure to promptly refund a client's unearned fee *and* the failure to cooperate in the resulting disciplinary investigation. We therefore adopt the board's recommended sanction.

## CONCLUSION

{¶ 19} Accordingly, Gerald Robert Walton is suspended from the practice of law in Ohio for 18 months with the suspension fully stayed on the conditions that he completes a one-year term of monitored probation pursuant to Gov.Bar R. V(21) focused on law-practice and client-trust-account management and commits no further misconduct. If Walton fails to comply with the conditions of the stay, the stay will be lifted and he will serve the full 18-month suspension. This suspension shall commence after Walton has satisfied all requirements for the termination of his current suspension for failure to comply with the CLE requirements of Gov.Bar R. X and he has restored his license to active status. Costs are taxed to Walton.

Judgment accordingly.

_____

Dooley, Gembala, McLaughlin & Pecora Co., L.P.A., Matthew A. Dooley, Bar Counsel, and Michael R. Briach, for relator.

Gerald Walton, pro se.

_____